State *v.* Page.

————

THE STATE, Respondent, *vs.* PAGE, Appellant.

1. It is within the discretion of a court, at the close of the evidence in a criminal case, to limit the time to be occupied by the defendant's counsel in addressing the jury; and the supreme court will not interfere unless the discretion has been manifestly abused. (SCOTT, J., dissenting, holding that the time could not be limited in advance.)

*Appeal from Washington Circuit Court.*

*C. Jones,* for appellant.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for trespassing on a sixteenth section of land in Washington county. After the case was closed on both sides, the court stated that defendant's counsel could only address the jury for thirty minutes, and afterwards stated that the defendant's counsel could only address the jury for fifteen minutes. The defendant's counsel objected, and excepted to this ruling of the court.

The defendant's counsel then addressed the jury, and the court held a watch, and after a short time, announced that the counsel had spoken fifteen minutes, and must stop ; the counsel thereupon stopped, and the jury retired.

They afterwards returned with a verdict of guilty, and assessed the defendant's fine at one hundred and sixty dollars. The fine was afterwards reduced by the court to one hundred dollars. Motions for new trial and in arrest of judgment being made and overruled, the defendant brings the case here by appeal.

The only question of any importance appearing on the record arises upon the refusal of the court to let defendant's counsel speak to the jury longer than fifteen minutes.

Can the Circuit Court limit the time in which a defendant's counsel shall address a jury in a criminal case ? By the 13th article, section 9, of the state constitution, it is declared that, " in all criminal prosecutions, the accused has the right to be heard by himself and his counsel." Now, in the nature of things, there must be some discretion left with the courts who have criminal jurisdiction in this matter. How long has the accused and his counsel a right to consume the time of the court in their exercise of this right ? There must be a limit to it as to duration. The right to be heard exists ; it cannot be taken away ; nor can the court deny this right, as was done in Ward's case, in Virginia, reported in 3 Leigh. But there is also an inherent right in courts of justice to control and restrain the acts of parties and counsel and officers while engaged in the administration of justice before them. The courts must take care not to abuse these rights on the one side nor on the other. There are cases in which the time necessary to a proper and fair elucidation of the matters involved in the prosecution, must be greater than in others. The courts must not, then, arbitrarily cut down the time in all cases to a certain limit. They must exercise proper discretion in such matters, granting longer or shorter time, as the intricacy, mass of matter, nature of offence, and the means or circumstances on which the defence may

rest, may seem to require. This court will not countenance any act of the lower courts which may seem to owe its origin to mere caprice or arbitrary power, or wanton oppression. Nor, on the other hand, will we lend a willing ear to support the complaints of obstinate and wilful or capricious opposition to the orders of the courts, made for advancement and completion of the business before them.

The record before us shows first the allowance of thirty minutes, then the reduction of this to fifteen minutes. We can not say that this is an abuse of the discretionary power of the court. There may be a reason for this. The improper waste of the time of the court, or the urgent pressure of important business on the docket, or the improper opposition and behavior of the counsel—unnecessarily troublesome and vexatious—all may have their operation, or the plain and obvious statement of the facts of the case in evidence may not have required longer time, in the opinion of the court, for the defence, than fifteen minutes. At all events, we will not presume the court below did wrong ; and we cannot say that it did not allow the defendant to be heard by his counsel.

This matter of limiting the time to be occupied, in the prosecution of causes before courts of justice, is of very ancient origin. It is found among the Greeks, and was carried thence to Rome. The Greeks had their instruments by which they measured time in the halls of judicature. The clepsydra was used. It was an instrument by which they measured time by means of the flowing of water through it, and so frequent and common was the practice of limiting the time to the speakers by water flowing through these instruments, that the word water was used metaphorically for time. When a speaker was allowed to speak so long, they said he was allowed so much water. The Greeks had an officer in their courts of justice, whose duty it was to watch this measuring of time, and when a certain amount was allotted to a speaker, if there were any documents to be read during his speech, the time the reading of such documents consumed was not to be estimated as any part of what had been

allotted to him; therefore, this officer, whose station was near the clepsydra, stopped the water while the documents were being read. The orator did not waste his water in reading documents.

Pliney tells us that he was allowed ten large amphoræ of water once, and so important was the cause in which he was engaged, that the judges added four more to the amount. He says he spoke five hours. He tells us, likewise, that he himself used to allow the accused as much water as he wanted.

The tribune of the people, Titus Sabienus, only allowed half an hour to Cicero to speak in defence of Caius Rabirius, when he was prosecuted for murder. This, too, on an appeal from the judgment of the Duumviri to the people. The orator complained of being cramped by the narrow space of time : " for, though it would be nearly enough to make the defence for his client, it would not be enough for preferring the complaints he had a right to bring forward." " I have spoken the time allowed me," he said, when about to conclude. And in no part of the monument erected by his genius to its own immortality, will you find a more polished or more brilliant gem than this half hour's work.

We conclude, therefore, that a quarter of an hour allowed to a modern orator, in a petty case of cutting down timber on the school lands, cannot be considered as an inhibition to be heard in defence of his client. The judgment is affirmed, Judge Leonard concurring.

SCOTT, Judge. I do not concur in the opinion of the majority of the court. Our bill of rights declares that, " in all criminal prosecutions, the accused has the right to be heard by himself and *his counsel.*" Now it is obvious that this right is worth nothing, if a court, by a rule beforehand, may limit the time during which counsel may speak. The time requisite to make a defence is so dependent on circumstances, that it cannot be ascertained before the defence is begun. The limiting of the time is assuming by the court a knowledge of all possi-

State *v.* Page.

ble grounds on which a defence may be placed, and determining the time necessary to express them. One counsel may give utterance to his thoughts with much more rapidity than another. Counsel may know jurors, and whilst it is only necessary to hint a matter in order to be comprehended by some of them, to convince others it may be necessary to be a little tedious, and to use some repetition. If counsel can be limited by the court to the time given in this case, no member of the profession would condescend to use it, or if he did, the only use that could be wisely made of it would be to excite the sympathy of the jury for the accused, in being deprived of the right of making a defence—a right which is secured to him by the constitution. No counsel would make the attempt to convince in fifteen minutes a jury of twelve men, in a case in which an argument was necessary. While I deny the power in the court to limit beforehand the duration of the defence to be made for one accused of crime, I fully admit that courts, in criminal trials, as well as in all others, have a right to control counsel in making defences. They will not suffer the right of speaking to be abused, and the time of the court unnecessarily consumed in arguments which have been sufficiently repeated, or used in any other manner calculated to impair the respect due to the administration of justice. But this control is to be exercised on the circumstances as they transpire, and it is not for man, in his weakness, to declare, before a defence is begun, how long it should be reasonably continued. If a court can limit the time of speaking to fifteen minutes, it can take away the right of making a defence ; for, I repeat it, that no counsel, who had any regard for his reputation, would attempt to make a defence in fifteen minutes, in a case in which it was really necessary to make one. This opinion is not without authority to sustain it. (*Commonwealth* v. *Ward*, 3 Leigh, 758.)