## W. S. Wingo v. The State.

1. Criminal Practice. *Limitation of argument. Rights of accused. Case in judgment.*

   Where in the trial of an indictment for arson twelve witnesses are examined, seven for the State and five for the accused, and the evidence is circumstantial and conflicting, it is error for the court to limit the argument for the defendant, he being represented by two counsel, to one hour, because such limitation may operate as an abridgment of the right of the accused, guaranteed to him by the seventh section of the Bill of Rights of the constitution, "to be heard by himself or counsel or both;" and it is a good ground for reversal of a judgment of conviction in such case.

2. Same. *Right of accused to make full defense. Power of court to limit argument.*

   The accused in a criminal trial has the right to the time necessary for making his defense fully and fairly, and the trial-court has the power to prevent the abuse of such right of defense by limiting the argument within reasonable bounds, but it should be exercised with prudence and caution, and the court should be too liberal, rather than unjust, to the accused.

Appeal from the Circuit Court of Panola County.

Hon. A. T. Roane, Judge.

The case is stated in the opinion of the court.

*J. R. Chalmers* and *Miller & Rainwater,* for the appellant.

In this case counsel for defendant were limited to thirty minutes each in the argument.

This action of the court we would say was without precedent but for the extraordinary decision made by Hon. J. Tarbell in the case of *Lee* v. *State,* 51 Miss. 569.

In that case the counsel for the State was limited to fifteen minutes and the counsel for defense to thirty minutes, or fifteen minutes each, two counsel being by statute allowed to speak in criminal cases, and this action of the court below was sustained by Judge Tarbell upon the remarkable ground that there was no partiality shown because counsel for the State was equally limited.

The Constitution of Mississippi, art. 1, § 7, says:

"In all criminal prosecutions, the accused shall have a right to be heard by himself or counsel or both."

The Code of 1880, § 3077, says:

"Only two counsel for the State, one of whom shall be the district attorney, and two for the defendant shall be heard in criminal cases, unless the court for special reasons may in its discretion see fit to relax the rule."

When the constitution thus provides that the defendant shall be heard by himself or counsel or both, and when the code still further provides that he shall be heard by two counsel, the action of the court in this case is unconstitutional, or at least in conflict with the spirit of our laws.

In the case of *Hunt* v. *State*, 49 Ga. 256, the court limited counsel to thirty minutes but allowed him forty minutes. The supreme court says:

"In view of the provision of the constitution which declares that every person charged with an offense against the laws shall have the privilege and benefit of counsel, the court below committed a grave error in limiting the argument of counsel as disclosed by the record, which this court cannot sanction," and the judgment was for this cause reversed.

In the case of *Williams* v. *State*, 60 Ga. 369, the lower court said: "If you make two speeches you can have only one hour for both, but if one counsel only speaks I will not limit him." To this defendant excepted and it was held to be error.

In the case of *Dill* v. *State*, 34 Ohio State R. 617, counsel for defense were limited to thirty minutes and the judgment was reversed. The supreme court said: "There were seven witnesses for the State and four for the defendant. Half a day was occupied in taking the testimony. It was entirely circumstantial and there was serious conflict in it. Under these circumstances, where the defendant's liberty was at stake and an ignominious punishment threatening him, he was entitled to be heard in a reasonable manner by both counsel whom he had employed for his defense."

This authority seems written for this case. In the case at bar there were seven witnesses for the State and five for the defendant. The testimony was entirely circumstantial, and there was serious conflict in it. Under these circumstances to limit defendant's

counsel to thirty minutes each was unreasonable, and the case should be reversed. See also *White v. People*, 90 Ill. 117.

*J. R. Chalmers* also made an oral argument.

*J. L. Harris*, for the State.

There was no error in the limitation complained of by the appellant, it being a matter in the discretion of the judge to regulate the time as well as the course of the argument, keeping in view the facts in the case, whether few and simple, and so easy to present and comprehend, or difficult and complicated, requiring more time for argument and deliberation.

In *Musselman* v. *Pratt*, 44 Ind. 126, it was held no abuse of discretion where the court limited the argument in a slander case to one and a half hours on part of plaintiff, and one hour on part of defendant.

In *Lynch* v. *The State*, 9 Ind. 541, it was held that the court had the right to regulate by reasonable rules and regulations the argument of causes.

In *Freligh* v. *Ames*, 31 Mo. 253, the court declined to interfere with the discretion of the court below.

In *Hunt* v. *The State*, 49 Ga. 256, it was held error to limit counsel to thirty minutes, though forty were, in fact, given him.

In *The People* v. *Keenan*, 13 Cal. 581, it was held that courts have a large discretion over the conduct of proceedings before them, but in a capital case, where court limited counsel to one and a half hours, it was error if shown by uncontradicted affidavits that the limitation deprived prisoner of opportunity for full defense.

In *Dobbins* v. *Oswalt*, 20 Ark. 619, the limitation was held to rest in the sound legal discretion and discrimination of the judge.

In *The State* v. *Collins*, 70 N. C. 241, held, in case of murder, where one and a half hours were given, it was no abuse of discretion.

In *Lee* v. *The State*, 51 Miss. 566, the court limited defense to thirty and the State to fifteen minutes, and it was held no error.

In *Wood's Case*, 3 Leigh 743, cited by counsel, the court forbid all argument upon the theory that the facts were not disputed, and this was held error, of course.

In *Commonwealth* v. *Porter*, 10 Met. (Mass.) 263, cited by counsel, the court held substantially that counsel could address the jury upon the law under the regulation of the court.

See, further, 1 Bishop, Crim. Pro., § 1005; Weeks on Att'ys-at-Law, § 115; Proffatt on Jury Trial, § 254; Cooley, Con. Lim., § 336.

ARNOLD, J., delivered the opinion of the court.

Appellant was convicted of arson in the Circuit Court of Panola County and sentenced to seven years' imprisonment in the penitentiary. The evidence in the case was circumstantial and conflicting. Twelve witnesses were examined at the trial, seven for the State and five for the appellant. Appellant was represented by two counsel. After the instructions to the jury were settled and before the argument commenced, the court limited the time for the argument of counsel to the jury to one hour on each side, to which appellant excepted. This action of the court is assigned for error, and it is the only assignment that need be noticed.

The constitution of the State provides that "in all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both." This right is of inestimable value, not only to the accused, but to the administration of public justice. Under similar constitutional provisions, it may be regarded as settled law in American courts that any abridgment of this right which deprives the accused on trial of the time necessary to make his defense, fully and fairly, is an error, for which a new trial will be granted. Cooley on Const. Lim. 336; *The State* v. *Hoyt*, 47 Conn. 518; *The State* v. *Page*, 21 Mo. 257; *The State* v. *Linney*, 52 Mo. 40; *Lynch* v. *The State*, 9 Ind. 541; *White et al.* v. *The People*, 90 Ill. 117; *The People* v. *Keenan*, 13 Cal. 581; *Weaver* v. *The State*, 24 Ohio St. 584; *Dill* v. *The State*, 34 Ohio St. 617; *Bowen* v. *The State*, 3 Tex. App. 617; *Williams* v. *The State*, 60 Ga. 367; *Hunt* v. *The State*, 49 Ga. 255; *The State* v. *Collins et al.*, 70 N. C. 241; *Word* v. *Commonwealth*, 3 Leigh 743; *The State* v. *Riddle*, 20 Kan. 711.

But the right of the accused to be heard is no more generally

recognized or sustained by authority, than the power of courts to prevent abuse by limiting argument within reasonable bounds, in criminal as well as in civil cases. Authorities *supra* and *Freligh* v. *Ames*, 31 Mo. 253 ; *Dobbins* v. *Oswalt*, 20 Ark. 619 ; *Mussel-man* v. *Pratt*, 44 Ind. 126.

The right to be heard exists, and it cannot be denied, but intolerable evils might result and the very purposes for which courts of justice were instituted might be defeated if no limitation could be imposed on the freedom of speech in this behalf. Judicial authority may be, and should be, asserted to prevent abuse in this respect, but to limit the argument of counsel for the defense in a criminal prosecution is a matter of great delicacy, and should be done with the utmost prudence and caution. It would always be safer in such case to err on the side of liberality than to take the hazard of doing injustice. Limitations on the argument of counsel which might be comparatively harmless and be approved in the trial of civil causes and minor offenses, might be extremely dangerous and be condemned in the trial of grave criminal charges. When the time for the argument of counsel to the jury is restricted by the court, it should be very clear that the right of the accused to be heard has not been essentially impaired, and that an opportunity for making full and complete defense on the whole case has not been denied. What time would be necessary or reasonable for this purpose would depend, to a great extent, upon the character and circumstances of the particular case.

In *Lee* v. *The State*, 51 Miss. 566, the prisoner was charged with felony, and the argument of counsel to the jury was limited by the court to fifteen minutes for the State and thirty minutes for the defense. We find no other case in America, at least, where a similar limitation on a trial for such offense has been sanctioned. In *The State* v. *Page*, 21 Mo. 257, defendant's counsel was limited to fifteen minutes for argument to the jury, and on appeal this was sustained, by a divided court, in an opinion conspicuous for the classical learning displayed on the subject, but the defendant was charged in that case with only a petty offense.

We cannot follow *Lee* v. *The State*, *supra*, or recognize it as

authority on the point involved in this case. We doubt if the time allowed appellant for making his defense before the jury was sufficient, under the circumstances shown by the record, and for this reason

*The judgment below is reversed and the cause remanded for a new trial.*