369 So.2d 505 (1979)
Ricky L. THORNTON
v.
STATE of Mississippi.
No. 51092.
Supreme Court of Mississippi.
April 4, 1979.
Marshall E. Hanbury, Jackson, and Washington, D.C., Stephen L. Beach, III, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted and tried for the crime of murder in the Circuit Court of the First Judicial District of Hinds County. The jury found him guilty of manslaughter.
Numerous assignments of error have been propounded by appellant. We find *506 that a disposition of the appeal is required under one assignment of error and we therefore need not discuss the others. Many of the other alleged errors have no significance and probably will not recur at another trial.
The dispositive assignment of error is that the trial court erroneously denied appellant's motion to recess the trial at the conclusion of the state's case and continued the trial until the late hours of the night, resulting in a situation which did not give appellant a fair trial and conflicted with constitutional safeguards.
The facts of the occurrences under the assignment of error are undisputed. They were presented both by affidavits attached to the motion for a new trial and by witnesses who testified at a hearing on the motion.
The state rested its case in chief about six o'clock P.M. At that time, one attorney for appellant, in the absence of the jury, stated to the court that the defense had three witnesses whose testimony would consume between two and three hours. In addition, after any rebuttal evidence by the state, it would be time-consuming to present instructions to the court and argue the case to the jury; that by that time it would be extremely late to submit the case to a jury; and that the jurors and the attorneys were tired and exhausted and would be more so upon submission of the case. The motion also included the fact that two of defendant's attorneys were approximately seventy years of age, were in the habit of retiring early, and at that time were very tired and exhausted.
The court overruled the motion for a recess, stating that he was doing so assuming that everything in the motion was correct and gave as his only reason that another case was set for trial the following day.
The three witnesses for the defense, including the defendant, then testified. The state introduced one rebuttal witness. By this time it was approximately ten o'clock P.M. Appellant's attorneys then renewed the motion for a recess, stating that they were exhausted and they felt sure the jury was also. It was called to the attention of the court that time still had to be consumed in approving or refusing instructions, instructing the jury, and arguing the case to the jury. Each side was given one hour for argument.
One of the attorneys for appellant made an opening argument which consumed approximately twenty minutes, leaving another attorney approximately forty minutes for a concluding argument. After the state's argument, one of the aged attorneys for appellant had prepared and was selected prior to trial to make the closing argument for appellant. The record and testimony reveals, and it is undisputed, that after speaking five or six minutes, this attorney did what all judges and attorneys know to be very unusual in such a case. He picked up the instruction given the jury at the request of the state on the charge of murder and read it completely to the jury four successive times. He then took his seat near his son who was in the courtroom as an observer. The son immediately noticed that something was wrong with his father. He appeared completely disoriented and the son thought he was having a heart attack or some other type of emergency. The son immediately went to a telephone and called the family physician who advised him to bring his father to the emergency room of St. Dominic's Hospital immediately, which was done.
By affidavit and by testimony on the hearing of the motion for a new trial, the physician, who was a reputable and experienced physician, testified that upon reaching the emergency room he found the attorney obviously disoriented and extremely confused. He did not know where he was or why he was there, and he had high blood pressure, rapid pulse, irregular and rapid respiration, was cool, clammy and appeared to be in shock. The physician called in a cardiologist and a neurologist in consultation. The diagnosis was that the attorney was suffering with a chronic organic brain syndrome because of stress. The attorney was confined to the intensive care unit, after which he was hospitalized a number of days.
*507 As hereinbefore stated, the above brief summary of what occurred is undisputed. The Sixth Amendment to the Constitution of the United States and section 26 of the Mississippi Constitution secure to an accused in criminal cases the right to assistance of counsel, and this is interpreted as "effective counsel." McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Reece v. Georgia, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955); Glasser v. U.S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), 84 A.L.R. 527 (1933); Stewart v. State, 229 So.2d 53 (Miss. 1969).
This Court, in a number of cases, has reiterated the principle that the attorneys for an accused should have adequate time and opportunity for argument and summation before the jury. Ray v. State, 330 So.2d 580 (Miss. 1976); Wingo v. State, 62 Miss. 311 (1884).
We have no choice but to hold that the appellant, because of the above recited occurrences, did not have constitutionally required effective counsel. The situation was called to the court's attention from the outset. In addition to the physical abilities and condition of appellant's attorneys, the jury, if all argument time had been used, would have received the case close to midnight. We realize that on exceptional occasions it is necessary for a court to extend its regular hours for various reasons. We do not think that an adequate presentation of a case, such as under an indictment for murder in the case at bar, can be made with an all-day trial, then half the night, and then being submitted to the jury. Even a panel of young jurors or an array of young attorneys would be prejudiced by going through such an ordeal. As stated above, we recognize the right of the excellent members of the judiciary in this state to control the procedure of that particular court and extend the trial within reasonable limits. Under the proof in this case, the extension of the trial under the undisputed circumstances was not reasonable and did not afford appellant the privileges constitutionally guaranteed to him.
The cause is therefore reversed and remanded for a new trial on a charge of manslaughter.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.