498 So.2d 343 (1986)
Glenn Earl DYE
v.
STATE of Mississippi.
No. 55807.
Supreme Court of Mississippi.
November 12, 1986.
William O. Luckett, Jr., Clarksdale, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and SULLIVAN and ANDERSON, JJ.
WALKER, Chief Justice, for the Court:
The appellant, Glenn Earl Dye, was convicted in the Circuit Court of Tunica County, Mississippi, of murder, less than capital, and sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. The appellant appeals from that conviction and sentence. Finding no error, we affirm.
On August 25, 1982, Glenn Earl Dye shot and killed Benny Oliver. Dye was working at a convenience store near Crenshaw, Mississippi. At approximately 10:00 p.m., Oliver and a male friend entered the store to purchase a quart of beer. A few moments later a female acquaintance of Oliver's entered the store. After making the purchase and receiving his change Oliver hassled Dye about making an additional purchase with the change he had received as well as acquiring credit. His language was replete with vulgarities and, according to the State's witnesses, Oliver began "rubbing on" his female friend.
Dye asked the three to leave the premises. When they didn't go, Dye picked up a pistol, kept under the counter, and placed it in his pocket. Dye again asked the group to leave. It was then, Dye contends, Oliver called him a "smart m____ f____". Dye questioned Oliver about the comment. According to Dye, Oliver turned the girl loose and moved toward him (Dye) acting mad. This testimony was in direct conflict with that offered by the State. It was at this point Dye pulled the pistol out of his pocket and fired the fatal shot.
At trial the appellant testified he acted in self-defense. No weapon was found near or on the victim. The question whether Dye acted in necessary self-defense was properly submitted to the jury who returned a verdict against Dye.
It is not this Court's duty to determine the credibility of the witnesses nor the *344 weight of the evidence. It is well recognized in this State that the jury is the sole judge of the weight and worth of the testimony and has a duty to determine the evidence it will accept as true or that which it should reject as untrue. Watson v. State, 465 So.2d 1025 (Miss. 1985); Anderson v. State, 461 So.2d 716 (Miss. 1984); Dickerson v. State, 441 So.2d 536 (Miss. 1985).
The appellant, through his testimony, presented his defense to the jurors and submitted a self-defense instruction to them making out a classic jury issue. They resolved the conflicting testimony in favor of the State. We find the jury's rejection of appellant's claim of self-defense was supported by the evidence.
The appellant assigns as error the court's refusal to grant a continuance at his counsel's request contending he, as well as the jurors, were tired. The request came at approximately 4:30 p.m. while counsel reviewed the jury instructions. The jury was adjourned at 8:35 p.m. to began their deliberations and returned a verdict at 10:10 p.m.
In support of his argument, the appellant in his initial brief, cites to Edge v. State, 393 So.2d 1337 (Miss. 1981) and Thornton v. State, 369 So.2d 505 (Miss. 1979). Having studied these cases thoroughly we are of the opinion they are factually distinguishable from the case sub judice. The jury entered its verdict at 10:10 p.m. after a two day trial. We find no evidence of an undue burden upon counsel in continuing the case to conclusion and no indication in this record that the jury had difficulty in proceeding with their deliberations. Ordinarily, trial judges have broad discretion in determining when trials will begin and how long they will continue on any given day. Cf. Parker v. State, 454 So.2d 910 (Miss. 1984). Based upon the facts in this record we do not find the trial judge abused his discretion in denying defense counsel's request for a continuance.
The appellant also questions the propriety of introducing into evidence a tape recording, along with a transcript of same, of an out-of-court statement made by the appellant with reference to the shooting. Prior to the jury's hearing the tape the court offered a cautionary instruction advising the jurors that the tape was the primary evidence of what was or was not recorded and that the transcript was being furnished for their convenience in following the tape. This procedure was approved in United States v. Onori, 535 F.2d 938 (5th Cir.1976). We find no error in this procedure.
A trial judge has broad discretion as to the admissibility of evidence. Unless this discretion is so abused as to be prejudicial to the accused this Court will not reverse the lower court's ruling. Shearer v. State, 423 So.2d 824 (Miss. 1982).
After careful consideration of the record and briefs filed in this cause we are of the opinion the appellant's remaining assignments of error are without merit and require no further discussion.
Finding no error in the court below the conviction and sentence of the appellant are hereby affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.