IN THE COURT OF APPEALS

7/29/97

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00596 COA

JERRY SORRELLS A/K/A JERRY SORRELLS II APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. BARRY W. FORD

COURT FROM WHICH APPEALED: ITAWAMBA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: BILLY W. SHELTON

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: PAT FLYNN

DISTRICT ATTORNEY: SAMUEL REEDY

NATURE OF THE CASE: CRIMINAL-FELONY

TRIAL COURT DISPOSITION: CT I: BURGLARY: 7 YRS. AND COURT COSTS; CT II: AGGRAVATED ASSAULT ON POLICE OFFICER: 20 YRS; SENTENCES TO RUN CONCURRENTLY; DEFENDANT IS TO BE AFFORDED DRUG & ALCOHOL TREATMENT

CERTIORARI FILED: 11/6/97

MANDATE ISSUED: 8/19/97

BEFORE BRIDGES, C.J., COLEMAN, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Jerry Sorrells was found guilty in the Itawamba County Circuit Court of burglary and aggravated assault on a police officer. He appeals arguing the court erred in admitting his prior testimony from a bond hearing and in admitting into evidence a baseball bat and a gun. Sorrells also alleges the trial court erred in refusing to give a circumstantial evidence jury instruction, in granting the State's instruction on aiding and abetting, in failing adequately to review the transfer order from youth court, and in failing to ask the defense counsel if he would like to make an opening statement. He also challenges the sufficiency of the evidence to convict him and the effectiveness of his counsel. We find no merit in any of these allegations and affirm.

## FACTS

Jerry Sorrells was a passenger in a car with four other people. Sorrells alleges that one of the other passengers, David Bullington, was a former prison inmate with a reputation for violence. Thus when Bullington ordered the car to be driven to a drug store in Fulton so that they could break in, Sorrells argues that he had little choice but to agree. Bullington and one of the other occupants of the car took a baseball bat, broke the window and entered the drug store. Sorrells and the remaining two waited in the car. Sorrells testified that he was following Bullington's order to remain as a lookout and shoot at any police cars that showed up. Use of the baseball bat on the window managed to activate an alarm. Police cars appeared, and shots were exchanged, at least fourteen of which struck one of the police cars.

All except for Sorrells were arrested at or near the scene. Sorrells was arrested the next morning hiding in the bathroom of a gas station not far from the drug store.

## DISCUSSION

*I. Admissibility of Prior Testimony, Baseball Bat, and Gun*

*A. Prior Testimony*

Sorrells testified at a bond reduction hearing that he shot at the police cars because Bullington ordered him to do so. Sorrells was represented by counsel at that hearing and gave his statement under oath. The State, over objection, read this testimony into the record at trial. Sorrells argues the prior testimony was hearsay, and the court erred in allowing it where it was not shown that the declarant was unavailable to testify. M.R.E. 804(b)(3).

Sorrells is correct that the cited rule explicitly requires as a condition of admitting a statement against interest that the declarant be unavailable. M.R.E. 804 (a). The objection made at trial was that the prior statements were taken at a bond hearing and that their use beyond that hearing would be a violation of Sorrell's rights against self-incrimination.

First, there is nothing in the evidentiary or procedural rules, in statute, nor in an agreement that appears of record or is even hinted exists, that what a defendant said at the bond hearing could only be used for that purpose. Second, Rule 804(b) was not argued by the State nor cited as the reason by the trial court for the admission of this prior testimony. No evidentiary rule was. The transcript from the bond hearing was an admission by a party opponent. M.R.E. 801(d)(2). Under the Rule, a party's own statement is not even categorized as hearsay when offered against that party. M.R.E. 801(d)(2). There was no error in this admitting this evidence.

## B. Baseball Bat

Sorrells argues the court erred in allowing introduction of the baseball bat which was used to break into the pharmacy. His argument is that the bat was not relevant in that it was not shown that he used it. Some of the others involved in the crime wielded the bat.

Evidence as to the condition of the crime scene and objects found at the scene are admissible if relevant and not remote in time and place. *Rhodes v. State*, 676 So. 2d 275, 282-83 (Miss. 1996), citing *Wilkins v. State,* 264 So. 2d 411, 413 (Miss. 1972). It is within the discretion of the trial judge to determine whether burglary tools found near the scene of a burglary are near enough in time and place to be of probative evidentiary value. *Id.* The baseball bat was found at the scene when the police arrived. The bat was evidence of the overall crime in which the State was trying to prove Sorrells participated. It was not remote in time and place. There was no error in its admission.

## C. Gun

Sorrells argues that the court erred in allowing introduction of the gun which he used in the crime because it did not belong to him and, the prosecutor did not show that his fingerprints were on it. Sorrells admitted to using a gun to shoot at the police cars, but did not admit to using the particular gun in evidence. The gun, which was the type of gun used in the crime, was found in a ditch that Sorrells crossed to get to the place where he was hiding when he was arrested. Empty hulls from the gun were also found at scene of the crime.

The admission of the gun was a discretionary decision for the trial judge. It was unnecessary for the State to demonstrate conclusively that the gun was the one used in the crime. See *Rhodes v. State*, 676 So. 2d 275, 282 (Miss. 1996). Since Sorrells admitted to using a gun similar to this one, the only evidentiary effect was to give the jury a clearer understanding of uncontested evidence.

*II. Jury Instructions*

*A. Circumstantial Evidence Instruction*

Sorrells argues the court erred in refusing to grant him a circumstantial evidence instruction.

A circumstantial evidence instruction is given where the evidence is "wholly circumstantial." *Windham v. State*, 602 So. 2d 798, 800 (Miss. 1992). If there is any direct evidence, then the instruction is properly refused. *Givens v. State*, 618 So. 2d 1313, 1318 (Miss. 1993). In this case, there was direct testimony from eyewitnesses and even from Sorrells. The circumstantial evidence instruction was properly denied.

*B. State's Instruction on Aiding and Abetting*

Sorrells argues the court erred in granting the State's instruction S-4 on aiding and abetting because it did not take into account the intent to commit the crime of burglary.

Jury instruction S-4 stated:

The Court instructs the Jury that any person aiding, abetting, counseling or procuring the commission of a felony is as guilty as the one who actually committed it. Every person present at the time of, and encouraging or assisting the commission of, a crime or performing any act which is a part of the crime or immediately connected with it, is as guilty as if he had with his own hand committed the entire offense.

Therefore, if you find from the evidence in this cause beyond a reasonable doubt that Jerry Sorrells was present at the time and place where burglary of a building took place, and that he encouraged or assisted in the commission of that crime or performed any act immediately connected with it, then he is as guilty as if he had with his own hand committed the entire offense.

The court will view the questioned instruction in light of all other instructions which were given to determine whether the jury received accurate guidance. *Griffin v. State,* 494 So. 2d 376, 381 (Miss. 1986). There is no duty upon a court to give repetitious instructions, and that is in effect the duty being urged here. The intent necessary for burglary was covered in instruction S-1. The jury was adequately instructed.

*III. Transfer Order from Youth Court*

Sorrells argues the court erred in failing to review adequately the transfer order from youth court to circuit court. He raised this issue on the morning of the trial after the jury was seated. He did not ask for a hearing on the matter, but asked that the court review the transcript.

The transfer order showed that Sorrells was represented by counsel during the transfer proceeding, and that he, his mother, and his counsel waived a probable cause hearing. Pursuant to Sorrells's request, the court stated on the record that it reviewed the transcript and found substantial evidence to try Sorrells as an adult and properly certified him as such. We find this assignment without merit.

## IV. Opening Statement

Sorrells argues that the court erred in not asking his attorney if he wanted to make an opening statement. There is authority that refusing to permit an opening statement can be reversible error. *Bevill v. State*, 556 So. 2d 699, 710 (Miss. 1990). That is not the equivalent of establishing a trial court-duty to ask the defendant or his counsel if he wants to give one. Sorrells was not denied the opportunity to give an opening statement. Had such an opportunity been requested and denied, an issue for review would be presented.

## V. Sufficiency of the Evidence

Sorrells argues that, absent his own prior testimony, there was insufficient evidence to convict him. Because we find that his prior testimony was admissible, this assignment of error is moot.

## VI. Effective Assistance of Counsel

Sorrells argues that he was denied his right to effective assistance of counsel because the court denied his lawyer's request for a recess due to exhaustion. Sorrells's attorney asked the court to recess for the day at 5:50 p.m., informing the judge that he was 64 years of age, tired, and losing his voice. The court denied his motion, allowed one more witness to be examined, then recessed at 6:40, less than an hour later.

The trial judge has authority to determine when trials begin and how long they will continue during a given day. *Dye v. State*, 498 So. 2d 343, 344 (Miss. 1986). Where the defendant was not prejudiced, the Mississippi Supreme Court has refused to reverse trials which were continued into the evening hours. See *Fairley v. State*, 483 So. 2d 345 (Miss. 1986). Defense counsel cannot control a trial court's scheduling of a trial, but neither can the court ignore genuine loss of effectiveness of counsel that jeopardizes the fairness of the trial. If such an extreme is exceeded, reversal can result. *Parker v. State*, 454 So. 2d 910 (Miss. 1984) (finding where defense counsel was seventy years old, ill, and the motion to recess was denied at 10:00 p.m. rendered counsel ineffective); *Grimsley v. Tyner*, 454 So. 2d 482 (Miss. 1984) (finding where the case was submitted to the jury at 11:00 p.m. and the jury deliberated until 4:30 a.m. rendered verdict suspect).

There is no evidence that Sorrells was denied his right to effective assistance of counsel.

**THE JUDGMENTS OF THE ITAWAMBA COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A BUILDING AND SENTENCE OF SEVEN YEARS AND OF CONVICTION OF AGGRAVATED ASSAULT ON A POLICE OFFICER AND SENTENCE OF TWENTY YEARS, WITH SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE DEFENDANT**.


**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**