749 So.2d 1241 (1999)
Montgomery FRANKS a/k/a Beale Street, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01200-COA.
Court of Appeals of Mississippi.
September 28, 1999.
*1242 Allan D. Shackelford, Clarksdale, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE KING, P.J., IRVING, LEE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Montgomery Franks was convicted of conspiracy to sell controlled substances in the Circuit Court of Coahoma County. Franks appeals the following issues as error:
I. ERROR TO USE TRANSCRIPTS OF UNINTELLIGIBLE TAPE RECORDING.
II. THE VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On February 7, 1997, James Murphree, a confidential informant, contacted Agent Leon Williams of the Mississippi *1243 Bureau of Narcotics regarding a possible drug buy from an individual known to Murphree as "Beale Street." Agent Williams arranged a body microphone for Murphree which recorded a telephone conversation later that day designating a meeting place for the transaction "under the white cow." The "white cow" was a sign on a post near the crossroads of Highway 49 and Highway 1 in Coahoma County, Mississippi. Agent Williams provided Murphree with money for the purchase and details of the buy-bust operation. Agent Williams then followed Murphree to the "white cow" and listened to and recorded the transaction as it occurred.
¶ 4. At trial Murphree identified Montgomery Franks as the person known to him as "Beale Street" and the individual who sold him the narcotics on February 7, 1997 under the "white cow." Murphree further identified the voice on the recording as that of Franks.
¶ 5. Franks, however, testified that he rode with Donna Borum allowing her to use his car so she could pick up some money. He further testified that he got out of the car and was under the hood trying to fix the defrost and was unaware of anything occurring between Donna Borum and James Murphree at the rear of the vehicle. Donna Borum testified that she drove Franks to the meeting place but did not get out of the vehicle. She also stated that she saw Franks get out of the car with a bottle of pills and get into James Murphree's car. Mattie Richardson, Franks's niece, was also in the car and testified that she does not remember anything other than getting into the car because she had a seizure.

ANALYSIS

I.

ERROR TO USE THE TRANSCRIPTS OF UNINTELLIGIBLE TAPE RECORDINGS.
¶ 6. Franks challenges the trial court's ruling allowing the jury to follow along with the transcripts while listening to the tapes. Franks argues that the tapes were inaudible and incoherent and that the transcripts were unduly suggestive. The utility of tape recordings in providing evidentiary support for law enforcement in criminal prosecutions has long been recognized. As long as the required predicate has been established a tape recording may be received into evidence. Middlebrook v. State, 555 So.2d 1009, 1012 (Miss.1990). Furthermore, the mere fact that portions of a recording are unintelligible does not in and of itself render the recording inadmissible. Id.; Oatis v. State, 726 So.2d 1230, 1235 (Miss.Ct. App.1998). However, the portions of the recording that can be understood must be relevant and probative. Middlebrook, 555 So.2d at 1012.
¶ 7. Additionally, it has been held that transcripts to assist the jury in understanding taped conversations are permissible where the trial judge instructs the jury that the tape is the primary evidence and any conflicts should fall in favor of the recording. Dye v. State, 498 So.2d 343, 344 (Miss.1986). In the case sub judice the necessary instructions were given. Transcripts can be used to assist the jury in determining who is speaking and discerning what is being said, as long as the transcript is not improperly suggestive where the tape is indecipherable. Id. We note that in the instant case the transcript was not provided in the record.
¶ 8. This Court may not consider matters which do not appear in the record. Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). The burden rests with the appellant to provide a record which contains all materials essential to support arguments for reversal. Jackson County Sch. Dist. v. South Miss. Workers Compensation Fund, 727 So.2d 727, 730 (Miss. Ct.App.1998). Since Franks failed to provide the transcript of the tape recording, which he claims was reversible error, there is no adequate record for us to review. *1244 Similarly, Franks did not point out any incriminating statements on the transcript corresponding to portions of conversation that were indecipherable on the tape to enable the Court to consider this matter. Thus, Franks is barred from raising this issue.

II.

THE VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 9. Franks's motion for a new trial challenges the weight of the evidence. In determining whether a verdict is against the overwhelming weight of the evidence and a new trial should be granted, this court must view all evidence in the light most consistent with the jury verdict. Veal v. State, 585 So.2d 693, 695 (Miss. 1991). Furthermore, the Supreme Court has held that a new trial may be granted only when "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 10. In the case at bar, the confidential informant, James Murphree, testified that the person who sold the controlled substances to Murphree was Franks, and Agent Williams supported Murphree's testimony and corroborated the specifics of the sale. Additionally, the tape corroborated that a sale took place and who was involved. Finally, the marked money Agent Williams had given Murphree to make the buy was found on Donna Borum after the arrest. Based on this and all other evidence presented at trial, the jury's verdict was not against the overwhelming weight of the evidence. Accordingly, we find that Frank's assignment of error is without merit.
¶ 11. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF CONSPIRACY TO SELL CONTROLLED SUBSTANCES AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.