MYERS, P.J.,
for the Court.
¶ 1. This is an appeal from the Circuit Court of Lamar County, Judge Prichard presiding, on a conviction for the sale or transfer of a controlled substance, habitual offender. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. Larry Darnell Gray was convicted of the sale or transfer of a controlled substance, as a habitual offender, in Lamar County on June 26, 2004. This conviction stems from the transaction between a confidential informant, Nancy Debrow, of the Pearl River Basin Narcotics Task Force (PRBNTF) and Gray on June 28, 2002.
¶ 3. On June 28, 2002, Debrow under the supervision of Agent Mike Brown of PRBNTF, went to purchase cocaine from Gray. Debrow traveled in a car provided by PRBNTF that was equipped with audio and video surveillance equipment. De-brow traveled to the home of Gray on Martin Street in Purvis, Mississippi. When Debrow arrived at Gray’s home, Gray was riding in a vehicle. Gray exited the vehicle and told Debrow to follow him to a residence on Martin Street. Gray approached Debrow’s car and exchanged the crack cocaine for twenty dollars. This transaction was recorded by the surveillance equipment installed in the car. De-brow met with Agent Brown where she informed him the purchase had been made from Gray and turned over the crack cocaine. Gray contends that the transaction was not a purchase of crack cocaine but rather the exchange of Debrow’s food stamp card for a loan of twenty dollars.
¶ 4. At trial Gray was found not guilty of Count I the sale or transfer of a controlled substance and guilty of Count II the sale or transfer of a controlled substance as a habitual offender and sentenced to a term of life in the custody of the Mississippi Department of Corrections. From this conviction Gray raises the following issues on appeal:
I. WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY REFUSING TO ALLOW TRIAL COUNSEL TO INQUIRE INTO PREVIOUS CONVICTIONS OF THE STATE’S CONFIDENTIAL INFORMANT.
II. WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT A MISTRIAL WHEN TESTIMONY REGARDING OTHER CRIMES WAS SOLICITED BY THE STATE.
III. WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY REQUIRING JURY DELIBERATIONS TO CONTINUE AFTER FOUR AND ONE-HALF HOURS FROM 9:50 P.M. UNTIL 2:28 A.M. BEFORE RETURNING A GUILTY PLEA AGAINST THE APPELLANT.
LEGAL ANALYSIS
I. WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY REFUSING TO ALLOW TRIAL COUNSEL TO INQUIRE INTO PREVIOUS CONVICTIONS OF THE STATE’S CONFIDENTIAL INFORMANT.
STANDARD OF REVIEW
¶ 5. The standard of review regarding the admissibility of evidence is abuse of discretion by the trial court. Yoste v. Wal-Mart, Inc., 822 So.2d 935, 936(¶ 7) (Miss.2002).
DISCUSSION
¶ 6. As his first issue on appeal, Gray argues that the trial court committed *395 reversible error by denying trial counsel the opportunity to impeach Debrow’s credibility through inquiry into previous convictions more than ten years in the past. Trial counsel attempted to bring before the jury evidence of Debrow’s conviction for possession of a controlled substance in 1989. This evidence is excluded by Mississippi Rule of Evidence 609(b). At trial the defense attempted to produce evidence of this conviction by alleging that she lied under oath at a bond hearing on July 25, 2003, where Debrow denied having a drug conviction. Trial counsel made a motion for the determination as to the admissibility of the conviction, outside the hearing of the jury, could be used to impeach De-brow’s testimony. A request for the transcript of the earlier hearing was made but, the transcript was not available at the time of trial. Since the transcript was not available at trial, the trial court denied the motion stating that impeachment would not be allowed “on the hearsay possibility that she might have said something.”
¶ 7. This Court has stated that:
Before a party may impeach a witness under Rule 613(b) there must be an actual contradiction in fact between the testimony and the prior statement. Ratcliff v. State, 752 So.2d 435, 439 (¶ 17) (Miss.Ct.App.1999). It is generally held that a prior statement is inconsistent if under any rational theory its introduction might lead to a conclusion different from the witness’s testimony. Id. at (¶ 18).
Everett v. State 835 So.2d 118, 122(¶ 11) (Miss.Ct.App.2003). In order for a prior inconsistent statement to be used to impeach a witness, the contradiction must relate to testimony given by that witness in the case at bar. The testimony by Debrow is not contradicted by any prior statements. Debrow has testified to her purchase of crack cocaine from Gray and there are no statements by her that are inconsistent from this testimony. There was no testimony at trial concerning De-brow’s conviction in 1989 and the mention of this conviction is barred by rule.
¶ 8. Finding no error by the trial court this issue is without merit.
II. WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT A MISTRIAL WHEN TESTIMONY REGARDING OTHER CRIMES WAS SOLICITED BY THE STATE.
DISCUSSION
¶ 9. In his second issue on appeal, Gray alleges that reversible error was committed when Debrow was allowed to testify to an exchange with Sherita Gray, Gray’s sister, in which Debrow owed twenty dollars to Gray for giving Sherita twenty dollars worth of crack cocaine. Gray contends that the State solicited information about a crime not included in the indictment governing the trial and this testimony is prohibited by Rule 404(b) of the Mississippi Rules of Evidence.
¶ 10. The supreme court has stated that:
This state has long adhered to the rule that the issue on a criminal trial should be single and that the evidence should be limited to what is relevant to the single issue. Evidence of a prior criminal activity on the part of one criminally accused is inadmissible where the prior offense has not resulted in a conviction. We have held, however, that the State has a “legitimate interest” in telling a rational and coherent story of what happened. Where substantially necessary to present to the jury “the complete story of the crime”, evidence or testimony may be given though it may reveal or suggest other crimes.
*396 Brown v. State, 483 So.2d 328, 330 (Miss.1986). The issue of a twenty dollar debt is repeatedly heard on the surveillance tapes and Debrow is questioned about these discussions at trial. The testimony of De-brow concerning the twenty dollar debt was necessary to explain the scenario that is being played out on the surveillance tape. This testimony was not presented to prove that Gray was guilty of the crimes charged, but rather to tell the complete story of the underlying transactions to the crimes charged.
¶ 11. Finding no error, we affirm.
III. WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY REQUIRING JURY DELIBERATIONS TO CONTINUE AFTER FOUR AND ONE-HALF HOURS FROM 9:50 P.M. UNTIL 2:28 A.M. BEFORE RETURNING A GUILTY PLEA AGAINST THE APPELLANT.
DISCUSSION
¶ 12. As his final point of error, Gray contends that the deliberations of the jury that commenced at 9:50 p.m. and concluded at 2:28 a.m., with a verdict of not guilty on the first count and guilty on the second count, was reversible error. Gray contends that the jury was required to begin deliberations at 9:50 p.m., but the record does not indicate such a requirement.
¶ 13. “Ordinarily, trial judges have broad discretion in determining when trial will begin and how long they will continue on any given day.” Dye v. State, 498 So.2d 343, 344 (Miss.1986). “There is not a ‘bright line rule’ as to when a trial judge should grant a continuance or recess.” Hooker v. State, 716 So.2d 1104, 1113 (Miss.1998). “Necessarily then, our analysis focuses upon the unique facts of each case.” Id.
¶ 14. The trial court informed the jury that due to a capital case beginning on the following Monday the jury would have to deliberate over the weekend. The jury was offered the option to begin the deliberations that night or return on Saturday morning to conclude the trial and decide the verdict. Trial counsel stated to the court that he would “defer to whatever the jury wants to do, Judge. Stay, go.” The jury then was allowed to retire and decide their pleasure. The jury decided that they would deliberate that evening; their only request was that they be allowed to have something to eat. This was not a requirement by the trial court, but rather the court offering the jury the option of deliberating that evening or returning for deliberations on a Saturday, trial counsel deferring to that.decision and the jury making the decision to deliberate that evening.
¶ 15. Finding no error, we affirm.
CONCLUSION
¶ 16. This Court will only reverse the trial court if it has abused its discretion. Finding that no such abuse occurred in this case, we affirm the decision of Circuit Court of Lamar County.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY OF CONVICTION OF COUNT II-SALE OR TRANSFER OF A SCHEDULE II CONTROLLED SUBSTANCE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ *397 CONCUR. IRVING, J, CONCURS IN RESULT ONLY. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.