IRVING, J.,
for the Court
¶ 1. Maurice Acker was charged and convicted in the Circuit Court of Monroe County of felony taking of a vehicle. As a result, Acker was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, Acker effectuated this appeal raising the following issues for our review: whether the verdict was against the overwhelming weight of the evidence and whether the trial court erred in overruling his motion for a new trial or JNOV.
¶ 2. Finding no reversible error, we affirm.
*693 FACTS
¶ 3. This case arose from an incident that took place in Nettleton, Mississippi. Darnell Walton, along with two of his cousins, Ritha and Shavawn James, drove his car to the residence of Anthony Lowe, who is also a cousin of Walton and the Jameses. When they arrived at Lowe’s residence, they were met by Lowe and yet another cousin, Maurice Acker. Walton, having experienced some problems with his vehicle running hot, asked Acker “to come and look at the front of my car and to see — to hear how it was running .” Acker testified that as he looked under the hood of the car, Walton walked off to talk to Lowe. Acker testified that, after looking under the hood, he hollered out to Walton his intentions of taking the car for a drive for further inspection.
¶ 4. Walton, Ritha and Shavawn, however, offered a different version. They testified that Acker got in the car without notifying Walton or receiving his permission. These three witnesses testified that he then locked the doors and sped off. Acker proceeded to drive a short distance and returned to the initial spot. Upon his return, at least one of the ladies got out of the car.[1] Acker testified that he stopped to let the ladies get out of the car because the brakes were not working properly.
¶ 5. Nevertheless, Acker took off again, but this time he was stopped by a tree which he claims to have hit because the brakes failed. As a result, he was temporarily knocked unconscious. Once he regained consciousness, he found himself surrounded by police officers. He then fled the scene into the woods and was eventually captured and taken into custody.
ANALYSIS OF THE ISSUES PRESENTED

I. Weight of the Evidence

¶ 6. Acker argues that the trial court erred in denying his motion for a new trial. He asserts that the verdict was against the overwhelming weight of the evidence. Acker asserts that he had permission to drive Walton’s vehicle in an attempt to examine it. Acker argues that both Walton and Shavawn testified that Walton asked Acker to examine his car. Additionally, Acker explains that Walton had ample opportunity to retrieve his vehicle if he so desired. However, upon Acker’s return, Walton made no attempt to stop Acker or to retrieve his vehicle. It is upon this testimony that Acker requests this Court to offer redress.
¶ 7. The State bases its case on the testimony of Walton and Shavawn, as well. The State acknowledges that Walton asked Acker to “check out” Walton’s vehicle. However, Walton testified that he never gave Acker authorization to drive the car, he merely asked him to look and listen under the hood. Shavawn supports Walton’s story and testified that Walton never gave Acker permission to drive the car.
¶ 8. Acker asks this Court to take his word over that of Walton and Shavawn. However, the duty of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed is charged to the jury. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). It is not for this Court to pass upon the credibility of witnesses, and where evidence justifies the verdict, it must be accepted as having been found worthy of *694 belief. See Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980).
¶ 9. Cases challenging a ruling on a motion for a new trial implicate a review of the weight of the evidence. A ruling on a motion for a new trial rests in the sound discretion of the trial judge. Wetz v. State, 503 So.2d 803, 812 (Miss.1987). On review, we are charged with addressing the trial judge’s discretion. Absent a finding that the trial judge abused that discretion, we will not reverse. Id. Furthermore, a new trial will not be ordered unless this Court is convinced that “the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” Groseclose, 440 So.2d at 300. Here, we do not find that the trial judge abused his discretion in denying Acker a new trial.

II. Sufficiency of the Evidence

¶ 10. Acker also assigns error to the lower court based on the trial judge’s ruling on his motion for a directed verdict and JNOV. Cases challenging a ruling on a motion for directed verdict/JNOV implicate a review of the sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993); Wetz, 503 So.2d at 807-08. Pursuant to Garrett v. State, 549 So.2d 1325, 1331 (Miss.1989), we must give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. We are authorized, even required, to reverse, if the facts and inferences so considered point with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. See id. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond-a-reasonable-doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict is beyond our authority to disturb. Id.
¶ 11. In the case sub judice, we do not find that the evidence, as presented, was such that a reasonable and fairminded juror could not find Acker guilty. Walton and Shavawn testified that Acker took the vehicle without the authorization of its owner, Walton. Further, each testified about the manner in which Acker abruptly jumped into the vehicle and locked the doors as if to hinder any attempt by Walton to keep him from taking the vehicle. We cannot say that affirming this conviction would sanction an unconscionable injustice. Therefore, based on the status of the law and the facts as presented, we affirm the verdict.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF FELONY TAKING OF A VEHICLE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY WITH SENTENCE IMPOSED IN LEE COUNTY CAUSE NO. CR 97-323 AND FINE OF $2,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.

. Walton testified that Shavawn had already exited the vehicle and that only Ritha was in the car for the first drive. However, Acker testified that both Ritha and Shavawn were in the car during the first drive and upon his return, they both exited the vehicle.