BRIDGES, P.J.,
for the Court.
¶ 1. A jury sitting before the Harrison County Circuit Court found Donald Allen guilty of car theft. The circuit court sentenced Allen to three years in the custody of the Mississippi Department of Corrections. Allen filed a motion for new trial, but the circuit court denied his motion. Aggrieved, Allen appeals and asserts the following as error:
I. THE STATE OF MISSISSIPPI FAILED TO PRESENT EVIDENCE THAT SHOWED BEYOND A REASONABLE DOUBT THAT [ALLEN] WAS NOT GIVEN PERMISSION TO DRIVE THE CAR AT ISSUE BY THE OWNER OF BOB-N-DAN’S AUTO SALES.
Finding no error, we affirm the circuit court’s decision.
FACTS
¶ 2. Bob-N-Dan’s Auto Sales employed Donald Allen in various capacities. Allen lived in a van parked on Bob-N-Dan’s property. On February 19, 2001, Allen and his supervisor, Charles Wright, were performing routine chores at Bob-N-Dan’s. Wright instructed Allen to park a station wagon in front of the entrance to the sales lot. Wright then left the sales lot at six o’clock p.m.
¶ 3. Wright returned the next morning and discovered that a brown 1986 Oldsmobile station wagon was missing from the lot. Wright expected Allen, but Allen did not show up for work. Wright called the Gulfport Police Department and reported the stolen car. Officer Mike Lee of the Gulfport Police Department responded. Officer Lee filled out a report and observed that the van Allen used as shelter had been emptied of Allen’s clothes and personal belongings.
*804 f 4. Meanwhile, Deputy Glen Moore of the Forrest County Sheriffs Office, on an unrelated venture, looked for discarded contraband along the side of a road. Deputy Moore heard over his radio that a station wagon with flashing headlights was headed in his direction. A fellow Forrest County Sheriffs deputy attempted to flag the station wagon down but the driver of the station wagon sped past him. Deputy Moore spotted the station wagon and attempted a traffic stop. Not to be delayed, the driver of the station wagon responded by leading Deputy Moore on a ten-minute car chase. The car chase came to a rather abrupt halt when the driver of the station wagon crashed the car into a tree. Diligent to the end, the driver fled on foot.
¶ 5. Three-hundred yards later, Deputy Moore caught the driver, later identified as Donald Ray Allen. On February 21, 2001, an investigator from the Forrest County Sheriffs Office contacted Deputy Moore and reported that the formerly evasive station wagon had been stolen.
¶ 6. The Leake County Grand Jury charged Allen with car theft, and the matter proceeded to trial. The State called Charles Wright to testify. Wright testified that as he and Allen closed Bob-N-Dan’s sales lot on February 19, 2001, Wright told Allen to move the station wagon in front of the gate to the sales lot. Wright intended to have Allen, who lived on the lot, to use the station wagon to block the lot from the inside to protect the lot from theft. Further, Wright did not give Allen permission to take the station wagon. On cross-examination, Allen pointed out that Bob Craven, co-owner of Bob-N-Dan’s, was also at the lot on February 19, 2001. When asked whether Craven gave Allen permission to take the car, Wright testified that at no time in his presence did Craven give Allen permission to take the station wagon. Neither the State nor Allen called Craven to testify.
ANALYSIS
I. THE STATE OF MISSISSIPPI FAILED TO PRESENT EVIDENCE THAT SHOWED BEYOND A REASONABLE DOUBT THAT [ALLEN] WAS NOT GIVEN PERMISSION TO DRIVE THE CAR AT ISSUE BY THE OWNER OF BOB-N-DAN’S AUTO SALES.
¶ 7. Allen’s theory is that because the State did not call Craven, the co-owner of the sales lot, to testify that he did not give Allen permission to take the car, reasonable doubt exists regarding whether Craven gave Allen permission to take the station wagon. It seems Allen is attacking the sufficiency of the evidence, rather than the weight. To support his theory, Allen cites Brady v. State, 48 So.2d 865 (Miss.1950). Brady held that when a property owner testifies that he never gave anyone permission to take his property, that testimony amounts to acceptable proof that the owner did not consent to someone taking his property. Allen argues that Wright, employed by Craven, did not own the property. Allen reaches the conclusion that Wright’s testimony that Allen did not have permission to take the car is insufficient to demonstrate that Allen did not have Craven’s permission to take the car.
¶8. Likewise, in Acker v. State, 793 So.2d 691 (Miss.Ct.App.2001) a vehicle owner’s testimony that he did not give permission for a defendant to take his car was sufficient evidence to support a guilty verdict. Allen, again, argues [in essence] that only Craven could testify that Craven did not give Allen permission to take the car, even though Wright testified that no one gave Allen permission to take the car.
¶ 9. The State responds by arguing that Wright’s testimony created a prima facie *805 showing that no one gave Allen permission to do anything other than park the station wagon in front of the entrance to the sales lot. The State argues that the evidence is such that a reasonable and fair-minded juror could only return a verdict of guilty. That is, Wright’s testimony was that no one gave Allen permission to take the station wagon. No one testified directly that Craven actually did give Allen permission. No one did more than to suggest the possibility that Craven could have given Allen permission to take the station wagon.
¶ 10. At best, the issue of whether Craven gave Allen permission to take the car created a question of fact for the jury to resolve. Our standard of review forbids the substitution of our conclusion for the jury’s. “This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.” Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001). Accordingly, the jury’s decision will stand.
¶11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF OR TAKING AWAY A MOTOR VEHICLE AND SENTENCE OF THREE YEARS TO RUN CONSECUTIVELY TO ANY OTHER SENTENCES IMPOSED ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.