446 So.2d 1016 (1984)
A.V. DURR
v.
STATE of Mississippi.
No. 54866.
Supreme Court of Mississippi.
March 14, 1984.
Lydia H. Suffling, Charles E. Suffling, Bethea & Suffling, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ.
*1017 PATTERSON, Chief Justice, for the Court:
A.V. Durr was convicted in the First Judicial District of Harrison County of attempted burglary and sentenced to serve a term of ten (10) years in the custody of the Mississippi Department of Corrections.
On appeal Durr contends the indictment was fatally defective in that it failed to allege he committed an overt act toward the commission of the offense of attempted burglary.
We note first that the trial court had no opportunity to rule on this issue, as it was not presented at any point during the trial. This fact is stated for the sake of fairness to the trial court; legally, however, Durr's failure to demur to the indictment does not constitute a waiver. Copeland v. State, 423 So.2d 1333 (Miss. 1982); Brewer v. State, 351 So.2d 535 (Miss. 1977).
Because the omission in the indictment of an essential element of the crime charged is not waived by failure to demur, we turn to the question of whether the indictment was in fact defective. The charging part of the indictment is set out in pertinent part:
That A.V. Durr ... on or about ... in ... did then and there unlawfully ... and burglariously attempt to break and enter the dwelling of ... with the felonious intent to ... feloniously take, steal and carry away the goods ... in said building ... but was prevented from accomplishing his felonious design contrary to the form of the statute ... and against the peace and dignity of the State of Mississippi.
Absent from this language is any allegation that Durr performed an overt act toward the commission of the offense charged. We have held that indictments under Mississippi Code Annotated, § 97-1-7 (1972), the general attempt statute, must set forth an overt act toward the commission of the offense. Murray v. State, 403 So.2d 149, 152 (Miss. 1981); Maxie v. State, 330 So.2d 277 (Miss. 1976).
The rationale for this rule was stated in Burchfield v. State, 277 So.2d 623, 625 (Miss. 1973):
... It has long been the law of this land that an accused person has a constitutional right to be informed of the nature and material elements of the accusation filed against him. All the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a criminal offense. Each and every material fact and essential ingredient of the offense must be with precision and certainty set forth... .
Because an essential ingredient of the offense is missing from the indictment, it failed to charge a crime and is void.
The judgment of the trial court is therefore reversed and the appellant is remanded to the custody of the sheriff of Harrison County, Mississippi, to await action of the next grand jury.
REVERSED; APPELLANT REMANDED TO THE CUSTODY OF THE SHERIFF OF HARRISON COUNTY TO AWAIT ACTION OF THE NEXT GRAND JURY.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.