MYERS, P.J.,
for the Court.
¶ 1. Michael McGee was convicted of conspiracy to sell marijuana and the sale of marijuana by the Circuit Court of Bolivar County and was sentenced to a prison term followed by probation. Feeling aggrieved by his conviction, McGee files this appeal. He raises four issues for this Court to consider:
I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT’S MOTION TO DISMISS FOR VIOLATION OF THE RIGHT TO A SPEEDY TRIAL.
II. THE TRIAL COURT ERRED IN ADMITTING AN AUDIO TAPE INTO EVIDENCE.
III. THE TRIAL COURT ERRED IN PERMITTING THE JURY TO CONTINUE TO DELIBERATE AFTER BEING INFORMED BY A JUROR THAT SOME JURORS WERE HUNGRY AND THAT LACK OF FOOD WAS AFFECTING THEM.
IV. THE VERDICT IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. Michael McGee was arrested in January 2002, for conspiracy to sell marijuana and the sale of marijuana following a two-day operation by the Mississippi Bureau of Narcotics (MBN) and other law enforcement agencies. MBN agents used a confidential informant (Cl) to set up a series of marijuana purchases that ultimately concluded in the arrest of McGee.
¶ 4. On January 28, 2002, agents with MBN were working with a Cl named Glemzie Lee Brown to purchase five pounds of marijuana from Wade Shepard, Jr. On that day Brown went to Shepard’s place of employment in Indianola to arrange a sale and delivery of the marijuana the following day in Shaw.
¶ 5. At the end of the work day on January 29, 2002, a gold-colored Buick pulled up to Shepard’s place of employment. The Buick was registered to McGee. Shepard retrieved from the car a white bag. Shepard then left in his car and headed toward Shaw. All during this time, Shepard was under surveillance and was being followed by law enforcement officers. While traveling to Shaw, Shepard was stopped by a Mississippi Highway Patrol trooper. A drug dog was brought in by the Bolivar County Sheriffs Department to search the car. The dog indicated the presence of drugs. Following a search of the car, five pounds of marijuana was found in the back floorboard of Shepard’s car.
¶ 6. Shepard was arrested and given his Miranda warnings. He indicated that he was willing to make a statement. During his statement, Shepard told the officers that he had gotten the marijuana from McGee and agreed to attempt to make another purchase as a confidential informant for the officers.
¶ 7. Shepard then called McGee and discussed the sale of the five pounds and the sale of an additional amount of marijuana. This telephone call was recorded. An un *253 dercover officer, Eugene Williams, went with Shepard that night to meet with McGee posing as the buyer. During the meeting, Williams negotiated a price for two pounds of marijuana and then paid it. Following the exchange McGee was arrested and charged with conspiracy and sale of marijuana.
DISCUSSION
I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT’S MOTION TO DISMISS FOR VIOLATION OF THE RIGHT TO A SPEEDY TRIAL.
¶ 8. As his first assignment of error, McGee argues that his right to a speedy trial was violated when his trial was not held until May 27, 2004, following his arrest on January 29, 2002. McGee begins his argument by citing Mississippi Code Annotated § 99-1-5 (Supp.2005) that provides the statute of limitations on criminal acts and then begins a discussion on his right to speedy trial. We find both of these arguments without merit.
¶ 9. The crimes that McGee was charged with occurred on January 28 and 29, 2002, and McGee was arrested on January 29, 2002. The arrest tolled the statute of limitations. Miss.Code Ann. § 99-1-7 (Rev.2000). Upon McGee’s indictment on September 25, 2002, Mississippi Code Annotated § 99-1-5 (Supp.2005) was expressly tolled by Mississippi Code Annotated § 99-1-7 (Rev.2000). The statute of limitations for the crimes with which McGee was charged had not run; this issue is without merit.
¶ 10. We next address the issue of whether McGee’s right to a speedy trial was denied. Our speedy trial statute, Mississippi Code Annotated § 99-17-1 (Rev. 2000), provides: “Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.” The supreme court has made it clear, however, that compliance with Section 99-17-1 does not necessarily mean that a defendant’s constitutional right to a speedy trial has been respected. Bailey v. State, 463 So.2d 1059, 1062 (Miss.1985); Perry v. State, 419 So.2d 194 (Miss.1982). In Perry, the court stated that the constitutional right to a speedy trial, unlike the statutory right under section 99-17-1, attaches at the time of a formal indictment or information, or when a person has been arrested. In short, the constitutional right to a speedy trial attaches when a person has been accused. Bailey, 463 So.2d at 1062. McGee’s right to a speedy trial attached, then, on January 29, 2002, the date of his arrest.
¶ 11. McGee’s statutory right to a speedy trial within two hundred seventy days attached on the date of his indictment, September 25, 2002. A period of 607 days passed between the time of McGee’s indictment and trial. An initial trial date was set for November 2002, but was delayed by an agreement between defense counsel and the assistant district attorney. An additional continuance was granted when counsel for Shepard was called to active duty in Iraq. On several occasions the assistant district attorney contacted defense counsel about proceeding with the trial, but was told there was “no rush.” A finding of good cause is a finding of ultimate fact, and should be treated on appeal as any other finding of fact; it will be left undisturbed where there is in the record substantial credible evidence from which it could have been made. McNeal v. State, 617 So.2d 999, 1007 (Miss.1993); Folk v. State, 576 So.2d 1243, 1247 (Miss.1991). As will be latter *254 discussed in this opinion, good case existed for the delay in trying McGee within the statutory two hundred and seventy days. This issue is without merit.
¶ 12. Where a defendant’s constitutional right to a speedy trial has attached, the balancing test set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), must be applied to determine whether that right has been denied. The Barker court identified four factors which are to be considered in making such a determination: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant has asserted his right to a speedy trial, and (4) whether the defendant has been prejudiced by the delay. No one of these factors is, in itself, dispositive. Barker, 407 U.S. at 533, 92 S.Ct. 2182. Rather, they must be considered together, in light of all the circumstances. Id.
¶ 13. The time line between arrest and trial is as follows. McGee was arrested on January 29, 2002, and trial- began on May 24, 2004, a period of 849 days. From the date of arrest until indictment on September 25, 2002, was a period of 239 days. McGee was arraigned on October 1, 2002, and so a period of 601 days passed between arraignment and the beginning of trial on May 24, 2004.
Length of Delay
¶ 14. The original trial date was set for November 22, 2002, but was moved up a day to November 21. Co-defendant Shepard was not present for trial, resulting in his bond being called. The assistant district attorney conferred with defense counsel regarding their desire to proceed to trial. Defense counsel indicated that she did not wish to proceed and that there was “no rush.” The trial was continued for the remainder of the term.
¶ 15. In January 2003, defense counsel for Shepard was called to active duty in Iraq. Shepard’s counsel requested a continuance for his client until such time as he returned from active duty and that continuance was granted. Thereafter, in April 2003, when the court calendar was being prepared, the assistant district attorney contacted defense counsel for McGee and discussed setting the case for trial. Counsel again indicated that there was no rush to put the case on the trial docket. There was no agreement or order entered for this continuance.
¶ 16. The cause for the delay in bringing McGee to trial, set forth above, indicates that the case was delayed by agreement between the assistant district attorney and defense counsel. Due to this agreement, the length of delay between November 21, 2002, and trial should be weighed against McGee.
Reason for' Delay
¶ 17. As previously addressed, the reason for the delay between arraignment and trial, was due to the agreement between defense counsel and the assistant district attorney. McGee cannot agree to a series of continuances and then come to this Court and argue that his right to a speedy trial has been denied. A delay caused by the actions of the defendant, such as a continuance, tolls the running of the time period for that length of time, and is subtracted from the total amount of the delay. Taylor v. State, 672 So.2d 1246, 1259 (Miss.1996). This factor weighs against McGee.
Assertion of Right to Speedy Trial
¶ 18. McGee initially filed a motion for speedy trial on October 7, 2002, but later waived that motion when he agreed to the continuance to the next term. At the beginning of the next term the assistant district attorney and defense counsel *255 agreed to delay the trial following Shepard’s counsel’s request for a continuance. McGee did not renew his request for a speedy trial until April 6, 2004. Although a defendant is not required to demand a speedy trial, his assertion of such a right will weigh more heavily in his favor under the Barker analysis. State v. Magnusen, 646 So.2d 1275, 1283 (Miss.1994). “Although it is the State’s duty to insure that the defendant receives a speedy trial, a defendant has some responsibility to assert this right. Failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.” Taylor v. State, 672 So.2d 1246, 1261 (Miss.1996) (citations omitted).
¶ 19. Upon the assertion of the right to a speedy trial by McGee in April 2004, a trial was promptly scheduled and held. This factor weighs against McGee.
Prejudice to the Defendant
¶20. The final factor to weigh is the prejudice caused to the defendant by the lack of a speedy trial. McGee asserts four instances of prejudice against him caused by the delay in having his trial. First, he claims that his and his witness’ memories were “open to serious challenge by the State.” Second, McGee argues that the State had a tactical advantage because it had “record memory” available to refresh the recollection of its witnesses. Third, McGee argues he has been made “a victim of an effort to placate public and private opinion and [was] subject to the stigma of an arrest, indictment, and possible conviction.” Fourth, McGee claims that his anxiety had been greatly aggravated and compounded by the delay.
¶21. The Supreme Court instructed that there are three interests to consider in determining prejudice in violation of speedy trial cases:
A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (in) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.
Barker, 407 U. S at 532, 92 S.Ct. 2182.
¶ 22. In the case sub judice, McGee was not oppressively incarcerated prior to his trial. Following his arrest, McGee was released on bond and remained out on bond until his conviction in May 2004. Naturally there is some anxiety associated with a pending criminal trial, and we would doubt no less here. These two interests do not weigh in favor of McGee. The only possible prejudice is the impairment of his defense.
¶ 23. McGee argues that the delay impaired his ability to recall the events of the day of his arrest and that he was unable to locate a witness for trial. The facts of the case are that the defendant was arrested while inside his car with an agent of MBN after he sold and transferred the marijuana to the agent. With regards to the inability to locate a witness, the record reflects that in the defendant’s reciprocal discovery, McGee indicated that he intended to call no witnesses. This factor weighs against McGee.
Conclusion
¶ 24. Having weighed the four factors set forth in Baker, this Court finds that the scale tips in favor of the State on all four. Therefore, this issue is without merit.
*256 II. THE TRIAL COURT ERRED IN ADMITTING AN AUDIO TAPE INTO EVIDENCE.
¶ 25. McGee raises as Ms second assignment of error the admission of an audiotape recording that was not sufficiently authenticated. McGee argues that the law enforcement officers could not definitely identify McGee as the person speaking to Shepard on the audiotape and, therefore, the audiotape should not have been admitted. We do not agree.
¶ 26. The admission of evidence is within the discretion of the trial judge. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). A decision of the trial court to admit evidence must be upheld unless there is an abuse of discretion. Walker v. Graham, 582 So.2d 431, 432 (Miss.1991). The admissibility of an audiotape turns on the State’s ability to prove the recording was relevant and authentic. Ragin v. State, 724 So.2d 901, 903(¶ 3) (Miss.1998). According to Rule 401 of the Mississippi Rules of Evidence, evidence is relevant when there is a “tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”
¶ 27. The audiotape was introduced during the testimony of Williams. Williams testified to his actions leading up to the call by Shepard to McGee to set up the second purchase of marijuana. Williams testified that from his personal knowledge the calls recorded were made by Shepard, at the request of the officers and that the recording was accurate. This was sufficient testimony to establish the authenticity of the recording. The trial court did not abuse its discretion in admitting the audiotape into evidence. This issue is without merit.
III. THE TRIAL COURT ERRED IN PERMITTING THE JURY TO CONTINUE TO DELIBERATE AFTER BEING INFORMED BY A JUROR THAT SOME JURORS WERE HUNGRY AND THAT LACK OF FOOD WAS AFFECTING THEM.
¶ 28. As his third issue on appeal, McGee argues that the trial court erred in allowing the jury to deliberate following a request by one juror for food due to the time of day. We do not agree.
¶ 29. “Ordinarily, trial judges have broad discretion in determining when trial will begin and how long they will continue on any given day.” Dye v. State, 498 So.2d 343, 344 (Miss.1986). “There is not a ‘bright line rule’ as to when a trial judge should grant a continuance or recess.” Hooker v. State, 716 So.2d 1104, 1113(¶ 36) (Miss.1998). “Necessarily then, our analysis focuses upon the unique facts of each case.” Id.
¶ 30. At the conclusion of the trial, while the jury was leaving the courtroom the following exchange occurred between the court and juror number eleven:
Juror Number 11: Judge, could I ask you something?
The Court: Well, I’m not sure, and I’m scared — (Laughing). Wait a minute, now, we don’t want to goof the whole deal up.
Juror Number 11: It’s not even worthy of court record.
It’s 5:30, and most normal people eat dinner at 6:00 o’clock. If we find that our deliberations are lengthy, could y’all at least find us a sandwich or a piece of chicken or something?
The Court: Well, we do do that at times. Why don’t we see where we are on the thing and — yeah.
*257 Following this exchange there was no objection by McGee or motion to adjourn until the following morning.
¶ 31. The jury then retired to the jury room at 5:20 p.m. and knocked indicating that they had reached a verdict at 5:35 p.m. The jury returned with a verdict of guilty. From the record there is no evidence that the trial court intended to deny food to the jury. The court indicated to the jury that they should begin their deliberations and should those deliberations become lengthy, the court would provide them with something to eat. The jury returned with its verdict in fifteen minutes and there was no need for food to be provided.
¶ 32. The failure of the court to provide the jury with food prior to their deliberations was not error. This issue is without merit.
IV. THE VERDICT IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 33. As his fourth and final issue on appeal, McGee argues that because of the errors made by the trial court no reasonable juror could have found him guilty of conspiracy to sell marijuana and the sale of marijuana. McGee asks this Court to dismiss the cause or reverse the conviction and grant a new trial. Having found no error by the trial court, we do not agree.
¶ 34. We look to our standard of review in determining whether the jury verdict was against the overwhelming weight of the evidence:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77(¶ 14) (Miss. 2001). It is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
McCoy v. State, 878 So.2d 167, 173(¶ 15) (Miss.Ct.App.2004).
¶ 35. McGee bases his entire argument that the verdict is contrary to the overwhelming weight of the evidence on the previous three issues. His argument assumes that this Court would agree with him concerning the previous errors and, therefore, the verdict would be against the evidence. That may be true if we did agree with him on the previous errors, but we did not.
¶ 36. The evidence presented at trial clearly demonstrated that McGee and Shepard knowingly and intentionally entered into a common plan or scheme to commit the crime of selling marijuana. This constituted the crime of conspiracy as defined by Mississippi Code Annotated § 97-l-l(a) (Rev.2005). Also, the evidence presented at trial was sufficient for a reasonable juror to find that McGee sold marijuana to the undercover officer.
¶ 37. We find that there is sufficient evidence to support the conviction of McGee for conspiracy and sale of marijuana, this issue is without merit.
CONCLUSION
¶ 38. This Court has addressed all four issues raised by McGee on appeal and *258 finds that each is without merit. We affirm the conviction of Michael McGee for conspiracy to sell marijuana and the sale of marijuana.
¶ 39. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I OF CONSPIRACY AND SENTENCE OF TEN YEARS, FINE OF $5,000 AND TEN YEARS POST-RELEASE SUPERVISION; COUNT III OF SALE OF MARIJUANA, CHARGED AS A SECOND AND SUBSEQUENT OFFENDER UNDER MISSISSIPPI CODE ANNOTATED SECTION 41-29-147 AND SENTENCE OF TEN YEARS, LAB FEE OF $300 AND TEN YEARS POST-RELEASE SUPERVISION WITH SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.