990 So.2d 818 (2008)
Leo SHORT, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01154-COA.
Court of Appeals of Mississippi.
September 16, 2008.
George T. Holmes, Jackson, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
*819 Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. In August 2006, Leo Short, Jr., was indicted as a habitual offender for the crime of attempted statutory rape. The indictment stated that Short "did wilfully, unlawfully and feloniously attempt to have sexual intercourse with [the victim],[1] a person under 14 years of age and 24 or more months younger ... contrary to and in violation of Section 97-3-65(b) of the Mississippi Code of 1972...." On June 20, 2007, a jury in the Jefferson County Circuit Court found Short guilty of attempted statutory rape. Short was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Short now appeals, asserting the following issues: (1) the indictment was fatally defective; (2) his trial counsel was ineffective for failing to object to a lesser-included-offense instruction; and (3) the verdict was contrary to the overwhelming weight of the evidence. Finding error, we reverse and remand.

FACTS
¶ 2. On May 19, 2006, Short was with two friends, Linda and Laura, at a home in Lorman, Mississippi. At some point, Linda and Laura left Short home alone with the victim, who is Linda's daughter. According to the victim, Short accosted her, held her down on the sofa, and tried to put his penis between her legs. The victim resisted and ran to her grandmother's house next door. The victim notified her mother, who then contacted the authorities.

DISCUSSION
¶ 3. On appeal, Short argues that the indictment was fatally defective. Short contends that he was indicted for attempted statutory rape, but the indictment contains no allegation of an overt act or any reference to Mississippi Code Annotated section 97-1-7 (Rev.2006), which discusses attempted crimes. Section 97-1-7 specifically requires an overt act toward the commission of an offense. In order to indict a defendant for an attempted crime, the indictment must set out with certainty the specific conduct that the State asserts to be the overt act. Durr v. State, 446 So.2d 1016, 1017 (Miss.1984); Maxie v. State, 330 So.2d 277, 278 (Miss. 1976); White v. State, 851 So.2d 400, 403(¶ 5) (Miss.Ct.App.2003). We note that Short did not object to the indictment at the trial level; however, "the omission in the indictment of an essential element of the crime charged is not waived by failure to demur." Durr, 446 So.2d at 1017.
¶ 4. Finding that the indictment failed to allege an overt act, we must reverse and remand. The State also concedes the error and asks this Court to reverse and remand. As this issue is dispositive of Short's appeal, we do not address the other issues raised on appeal.
¶ 5. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The Court of Appeals declines to identify victims of sexual abuse.