MAXWELL, J.,
for the Court:
¶ 1. Keith Spearman challenges his auto-theft conviction claiming his indictment was fatally defective for failing to charge two essential elements of the crime. Although Spearman’s indictment did not track the language of the current version of the auto-theft statute, we find it contained the essential elements of the offense. We also find the jury’s guilty verdict is not against the overwhelming weight of the evidence. Therefore, we affirm Spearman’s conviction and sentence.
FACTS
¶ 2. On February 9, 2009, Fleming Lumber Company (Fleming) took one of its trucks to Cleveland Truck Repair (CTR) to have the heater repaired. The red Chev *118 rolet dump truck had a standard “stick-shift” manual transmission and bore the company’s name “Fleming” on each side. The mechanic working on the truck left CTR around 4:30 p.m. that evening. When he returned at approximately 7:00 a.m. the next morning, he discovered Fleming’s truck was missing.
¶ 3. That same morning, February 10, 2009, Tony Skellion was checking out at a convenience store in Ruleville, Mississippi. He saw Spearman enter the store and watched Spearman walk up to the counter next to him, talk to the cashier, and then leave. Skellion testified that Spearman got into the Fleming truck and drove away. James Archibald was also in the Ruleville store. He testified that Spear-man asked him for a ride to Mound Bayou. Archibald told him “no” and left the store. Surveillance video from the store confirmed Spearman, Skellion, and Archibald had been in the store that morning.
¶4. Shawntrece Williams was working that morning at a convenience store in nearby Drew. She saw the red Fleming truck park in front of one of the gas pumps. Spearman entered the store but did not purchase any gas. Williams saw Spearman leave the store and talk to someone in the parking lot. Then Spear-man got into the Fleming truck and drove away.
¶ 5. Later that morning, Skellion saw the same Fleming truck driving recklessly on the highway in Drew and notified the company. Fleming checked on the truck and learned it was missing from the CTR lot. Fleming’s president, Marion Jordan, called the Cleveland and Drew Police Departments. She testified Fleming had not given anyone permission to remove the truck from CTR’s lot.
¶ 6. Chris Denton was also in Drew that morning and noticed the Fleming truck parked on the side of Highway 49. He saw Spearman hanging out of the window of the truck. Spearman attempted to flag Denton down, but Denton kept going and parked at the gas station. Before Denton got out of his vehicle, Spearman, who had followed Denton in the Fleming truck, approached his car and asked if Denton had any drugs. The police then showed up, and Spearman ran away on foot.
¶ 7. Two days later, the Cleveland Police Department arrested Spearman for auto theft. Officer Bryan Goza transported Spearman from the preliminary hearing back to the Cleveland Jail. Spearman voluntarily complained to Officer Goza about being charged with auto theft. Spearman stated: “It can’t be that way, because when I walked by and pulled up the handle, the door was unlocked. Keys were inside. It’s basically joyridin’.” Officer Goza told him joyriding was now a felony.
¶ 8. At trial, Spearman denied stealing the truck. His defense hinged on testimony from two of his aunts and a cousin. The three family members testified they had never seen Spearman drive a stick-shift vehicle and their family’s vehicles have always had automatic transmissions.
¶ 9. The jury found Spearman guilty of auto theft. The circuit court sentenced him to five years’ imprisonment and five years of post-release supervision. After an unsuccessful post-trial motion, Spear-man timely appealed.
DISCUSSION
I. The Indictment
¶ 10. Spearman argues that because his indictment did not contain two phrases found in the auto-theft statute — (1) “without authority” and (2) “with intent to either permanently or temporarily convert it or to permanently or temporarily deprive *119 the owner of possession or ownership”— his indictment was fatally defective.
¶ 11. Rule 7.06 of the Mississippi Uniform Rules Circuit and County Court is the “starting point” for determining whether an indictment is sufficient. See Harrison v. State, 722 So.2d 681, 686 (¶ 21) (Miss.1998). Rule 7.06 provides:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
1. The name of the accused;
2. The date on which the indictment was filed in court;
8. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words “against the peace and dignity of the state.”
URCCC 7.06.
¶ 12. Whether an indictment is fatally defective is a question of law, which this court reviews de novo. Gilmer v. State, 955 So.2d 829, 886 (¶ 24) (Miss.2007). An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense. Id. at 836-37 (¶ 24) (citing Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Love v. State, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951)).
A. The Statute
¶ 13. An indictment for a statutory crime does not have to use “the exact descriptive language of the statute.” Gilmer, 955 So.2d at 837 (¶ 26) (quoting Price v. State, 898 So.2d 641, 654 (¶32) (Miss.2005)). “Where the language used in the indictment is sufficiently specific to give notice of the act made unlawful, and exclusive enough to prevent[ ] its application to other acts, it is sufficient.” Id.; see also Winters v. State, 52 So.3d 1172, 1174-75 (¶ 7) (Miss.2010) (holding an indictment is sufficient “if the crime can be substantially described without using [the exact words of the statute]”).
¶ 14. Mississippi’s auto-theft statute provides in part:
Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership ... shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than ten (10) years.
Miss.Code Ann. § 97-17-42(1) (Supp.2010).
¶ 15. The indictment returned by the grand jury against Spearman complies with all requirements of Rule 7.06. The top of Spearman’s indictment specifically informed him he was charged with “AUTO THEFT MCA Section 97-17-42.” It fur *120 ther alleged, “Keith Spearman ... did, wilfully, unlawfully and feloniously take possession of or take away a motor vehicle, a red Chevrolet commercial truck, the property of Fleming Lumber Co., Inc., a corporation, d/b/a Fleming Lumber Co.”
B. “Without Authority”
¶ 16. Spearman first argues, because his indictment did not contain the phrase “without authority,” it lacked an essential element of auto theft. We recognize one element of auto theft is that the taking away of another’s motor vehicle be without authority. Miss.Code Ann. § 97-17-42(1). See Acker v. State, 793 So.2d 691, 694 (¶ 11) (Miss.Ct.App.2001) (finding the State presented sufficient evidence to prove the “without authority” element of auto theft). But we disagree with Spear-man’s assertion that the indictment is defective because it did not contain the exact phrase “without authority.”
¶ 17. The indictment charged that Spearman “did, wilfully, unlawfully and fe-loniously take possession of or take away” Fleming’s truck. This court has held that the terms “willfully/unlawfully and felo-niously” are synonymous with “without authority.” [1] Champluvier v. State, 942 So.2d 172, 182-83 (¶ 42) (Miss.Ct.App.2005), rev’d on other grounds, 942 So.2d 145 (Miss.2006). And the Mississippi Supreme Court has instructed that “[s]o long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient.” Harrison v. State, 722 So.2d 681, 687 (¶22) (Miss.1998) (citing Henderson v. State, 445 So.2d 1364, 1368 (Miss.1984)). By specifically informing Spearman he was charged with auto theft, citing the corresponding code section, and utilizing the linguistic equivalent of the essential “without authority” element, we find the State sufficiently notified Spearman his alleged possession or taking away of Fleming’s truck was unauthorized.
C. “With Intent to Either Permanently or Temporarily Convert”
¶ 18. Spearman next argues that, because the State did not charge that his taking away or possession of the Fleming truck was done “with intent to either permanently or temporarily convert” the vehicle, his indictment is fatally defective. We disagree.
¶ 19. In 2007, the Legislature amended section 97-17-42, adding the phrases “of any value” and “with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership.” Miss. Code Ann. § 97-17-42(1). Spearman argues, in amending section 97-17-42, the Legislature added additional essential elements to the crime of auto theft. But as the title to the bill amending section 97-17-42(1) explains, the purpose of the amendment was “to clarify that the taking away of any motor vehicle, including joyriding, will constitute a felony.” 2007 Miss. Laws, Ch. 464 (H.B.857). Thus, by inserting the phrases “of any value” and “with intent to either permanently or temporarily convert,” the Legislature did not narrow the statute by creating additional required elements of proof. Rather, it broadened the application of section 97-17-42 by clarifying that any unauthorized possession or taking of another’s vehicle, *121 no matter how brief, offends the felony auto-theft statute.
¶ 20. In Allman v. State, 571 So.2d 244, 253-54 (Miss.1990), the Mississippi Supreme Court addressed the broadening of a criminal statute. Prior to Allman’s indictment, the Legislature had amended the statutory rape statute, changing “female” to “child” in order to make punishable the rape of a male as well as a female under the age of fourteen. Id. at 253. Allman argued, because his indictment used the word “female” instead of “child,” he was not properly charged. Id. But the supreme court held the broadening of the statutory crime did not make the indictment’s language defective for failure to use the precise words of the amended statute. Id. at 253-54. Because a “female person under the age of fourteen is a child under the age of fourteen,” the indictment’s language was wholly included within the new statutory language. Id. at 253.
¶ 21. Here, the auto-theft statute was amended to clarify that the crime encompasses taking vehicles for any amount of time. We find the length of time of the possession or deprivation need not be charged or proved. So long as the State alleges and proves a person intended to convert or, as charged here, “take possession of or take away” another’s vehicle for any amount of time, it has met its burden to show auto theft. Therefore, omission of the terms “temporary” and “permanent” do not render the indictment defective because the statute makes clear that any possession or taking — albeit temporary or permanent — suffices to establish auto theft.[2] Spearman was charged with willfully taking possession or taking away Fleming’s truck. As in Allman, we find the “indictment’s language is wholly included within the statutory language[.]” Id. at 253.
¶ 22. We further note that the terms “convert” or “deprive the owner of possession,” which Spearman claims are fatally absent, have the same meaning as the language present in Spearman’s indictment. “Conversion” is defined as “[t]he wrongful possession or disposition of another’s property as if it were one’s own[.]” Black’s Law Dictionary 356 (8th ed. 2004). And Spearman’s indictment charged that he did “wilfully, unlawfully, and feloniously take possession of or take away” Fleming’s truck — which is the functional equivalent of intentionally converting or depriving Fleming of ownership.
¶ 23. We are satisfied the indictment contained the essential elements of auto theft — that the defendant (a) willfully and (b) without authority (c) took possession of or took away (regardless of whether the intent was to permanently or temporarily possess or dispossess) (d) a motor vehicle of any value belonging to another. Miss. Code Ann. § 97-17-42(1). And we find the indictment was exclusive enough to prevent the application of other crimes. It specifically described the offense as auto theft, contained its elements, and cited section 97-17-42. Although the failure to include the essential elements of a crime in the indictment cannot be waived, Short v. State, 990 So.2d 818, 819 (¶ 3) (Miss.Ct.App.2008), we note Spearman did not object to the indictment before trial, during trial, or in his post-trial motion, which supports that Spearman had sufficient notice of the charged offense. Indeed, he *122 even acknowledged in a pretrial motion that he “ha[d] been charged with the crime of auto theft.” Further, the Legislature’s clarification that joyriding is auto theft establishes the exclusivity of the charged offense. Cf. Allman, 571 So.2d at 254 (finding no exposure to double jeopardy in the indictment’s description the victim as a “female under the age of fourteen” instead of the statutory language “child under the age of fourteen” because the crime is not gender-specific). Thus, we find Spear-man’s indictment was sufficient.
II. The Weight of the Evidence
¶ 24. Spearman alternatively argues the verdict is not supported by the weight of the evidence. When considering the weight of the evidence, “we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). We review the weight of the evidence in the light most favorable to the verdict. Id.
¶ 25. The court instructed the jury that if it found “the evidence beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis consistence with innocence, that on or about the tenth of February '09 the defendant, Keith Spear-man, did unlawfully, willfully, and felo-niously take possession of or take away a motor vehicle, a red Chevrolet commercial truck, and that said red Chevrolet commercial truck was the property of Fleming Lumber Company,” it shall find Spearman guilty. On appeal, Spearman asserts the jury did not follow this instruction and unreasonably excluded a reasonable hypothesis consistent with his innocence— that Spearman did not take the truck but instead caught a ride from another man who was driving the Fleming truck that morning. He claims the following evidence proves this: (1) the Ruleville store’s surveillance video did not show the outside of the store or Spearman driving away in the truck; (2) Spearman asked Archibald for a ride to Mound Bayou; (3) Spearman talked to another man outside the Fleming truck, when it was parked in Drew, before getting in; (4) the truck was parked at a gas pump in Drew, but Spearman did not buy any gas; and (5) witnesses had conflicting testimony about whether Spear-man was wearing a white or black cap that morning.
¶ 26. In reviving this defense, which the jury obviously rejected, Spearman ignores strong direct evidence supporting his guilt. Viewing the evidence in the light most favorable to the verdict, as we must, we prominently note that three witnesses testified seeing Spearman driving Fleming’s truck. Jordan testified Fleming had not authorized Spearman to remove the truck from CTR’s lot. Video placed Spearman at the convenience store in Ruleville, where Skellion testified he saw the Fleming truck. Witnesses also testified Spear-man fled from the police at a gas station in Drew where the truck was parked. And Spearman admitted to Officer Goza that he had tried the truck handle and found the truck unlocked with the keys in the ignition.
¶ 27. We find the evidence overwhelmingly supports the jury’s verdict and affirm Spearman’s conviction for auto theft.
¶ 28. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF AUTO THEFT AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
*123 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR.

. Though the term "feloniously” is not contained in section 97-17-42 for auto-vehicle theft, the Mississippi Supreme Court has determined its inclusion in an auto-theft case is a permissible saddling of an additional burden of proof. Richmond v. State, 751 So.2d 1038, 1046 (¶21) (Miss.1999). And we note the jury was instructed it had to find beyond a reasonable doubt that Spearman "felo-niously” took away Fleming's truck.

. We note Spearman does not challenge the absence of the amended phrase "of any value.” This phrase likewise clarifies the crime encompasses taking away another's vehicle regardless of the vehicle’s value. It does not make the value of the vehicle an element of the offense. So just as the State did not have to charge or prove the value of Fleming's truck, it did not have to charge or prove the length of the intended possession of the truck.