# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01592-COA

LARRY WALKER                                                              APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/09/2010 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, CARJACKING, AND SENTENCED TO LIFE; AND COUNT II, KIDNAPPING, AND SENTENCED TO LIFE, ALL AS A HABITUAL OFFENDER, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE |
| DISPOSITION: | AFFIRMED: 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Larry Walker appeals his convictions for carjacking and kidnapping.  He argues that

a defective indictment prejudiced him, the circuit court erred in sentencing him as a habitual

offender, and his constitutional and statutory rights to a speedy trial were violated. We find no error and affirm.

FACTS

¶2.     On April 25, 2001, Walker forced a minor into her car at gunpoint and drove her car to a secluded field where he attempted to rape her. When he failed to complete the act of rape, Walker forced her to perform oral sex on him, then released her.

¶3.     On February 19, 2002, a Lawrence County grand jury indicted Walker for carjacking, kidnapping, robbery, two counts of sexual battery, and attempted forcible sexual intercourse. Walker filed a motion for a change of venue, which the trial court granted. His first trial occurred in Marion County, from January 14 to January 16, 2004. The trial concluded with an acquittal for one count of sexual battery and the robbery count. The circuit court granted a mistrial on the remaining counts, and then set those counts for retrial.

¶4.     Walker's second trial began on June 22, 2004. The jury found Walker guilty of carjacking, kidnapping, and attempted forcible sexual intercourse. He was acquitted of the remaining sexual-battery charge. Walker appealed this conviction. In *Walker v. State* (*Walker I*), 937 So. 2d 955, 958 (¶11) (Miss. Ct. App. 2006), this Court reversed the judgment and remanded the case for a new trial.

¶5.     Walker's third trial on the remaining charges of carjacking, kidnapping, and attempted forcible sexual intercourse began on April 7, 2010. The jury found him guilty for carjacking and kidnapping, but found him not guilty of attempted forcible sexual intercourse. The circuit court sentenced Walker, as a habitual offender, to two life sentences without parole.

2

The circuit court granted Walker's out-of-time appeal on September 13, 2013. It is from this judgment we consider his appeal.

ANALYSIS

I.      *Whether the indictment for attempted forcible sexual intercourse was defective and prejudiced Walker.*

¶6.     Walker asserts the indictment for attempted forcible sexual intercourse omitted an allegation of an overt act as required by statute, which rendered the indictment insufficient. Walker relies on *Short v. State*, 990 So. 2d 818, 819 (¶3) (Miss. Ct. App. 2008), for the proposition that an indictment for attempted forcible sexual intercourse must include an overt act. In *Short*, this Court reversed the conviction because the indictment failed to include any language of an overt act or any reference to the attempt statute of Mississippi Code Annotated section 97-1-7 (Rev. 2014). Unlike *Short*, the indictment in this case included references to both an overt act and section 97-1-7.

¶7.     The inclusion of the language "overt act," however, did not describe Walker's alleged specific conduct. The Mississippi Supreme Court has held "that indictments under Mississippi Code Annotated [section] 97-1-7 (1972), the general attempt statute, must set forth an overt act toward the commission of the offense." *Durr v. State*, 446 So. 2d 1016, 1017 (Miss. 1984). While this requirement may have rendered the indictment insufficient, Walker was acquitted.

¶8.     Despite the acquittal, Walker argues the defective indictment allowed for the admission of prejudicial evidence that would have otherwise been excluded. This prejudicial information, Walker contends, inflamed the jury and colored their perceptions in the two

3

guilty verdicts. In particular, Walker asserted the circuit court's use of the word "minor" in the jury instructions when the age of the victim was irrelevant to the other two counts caused prejudice.

¶9. However, Walker fails to show how the introduction of this evidence caused actual prejudice or affected the outcome of the trial. Walker does not question the sufficiency or weight of the evidence of the carjacking and kidnapping charges. As such, Walker cannot say the alleged prejudicial evidence from the attempted-forcible-sexual-intercourse charge alone resulted in the guilty verdicts. Therefore, we find this issue meritless.

> II.     *Whether the State failed to prove Walker's habitual-offender status beyond a reasonable doubt.*

¶10. Walker contends the State failed to sufficiently prove his habitual-offender status at the sentencing hearing. Specifically, Walker argues the "pen-packs" introduced at the sentencing hearing by the State did not include a sworn affidavit, and the circuit court did not make a finding as to Walker's habitual-offender status.

¶11. Walker, however, raises this issue for the first time on appeal. "When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred to do so the first time on appeal." *Heidelberg v. State*, 45 So. 3d 730, 732 (¶6) (Miss. Ct. App. 2010) (citation omitted). At the sentencing hearing, Walker failed to object to the State's evidence of his habitual-offender status. Thus, this issue is procedurally barred.

¶12. The procedural bar notwithstanding, this Court previously held "certified copies of 'pen[-]packs' suffice as competent evidence of prior convictions." *Frazier v. State*, 907 So. 2d 985, 991 (¶16) (Miss. Ct. App. 2005) (citation omitted). The State submitted certified

4

pen-packs attesting to Walker's prior convictions, along with Walker's verified signature and Social Security number on the documents. Therefore, we find the State met its burden to prove Walker's habitual-offender status, and this issue is without merit.

> III.   *Whether the circuit court erred in failing to dismiss the charges against Walker for violations of his right to a speedy trial.*

¶13.   As a final issue, Walker asserts the delays prior to his first trial and from his second trial until his third trial violated his statutory and constitutional rights to a speedy trial. The circuit court found that neither occurrence violated Walker's rights.

> *A.    Procedural Bar*

¶14.   Before his first trial, Walker filed an omnibus motion on May 6, 2002, which included a demand for a speedy trial. The circuit court denied Walker's motion on January 24, 2003. Walker, however, did not appeal the circuit court's decision and failed to raise the issue in his previous direct appeal of his second trial.

¶15.   "Where the issue was not raised on direct appeal, or not raised at the trial court, the claims are procedurally barred and not subject to further review by this Court." *Wilcher v. State*, 479 So. 2d 710, 712 (Miss. 1985) (claims not previously raised at trial or on appeal procedurally barred in the post-conviction-relief context). By not previously raising this issue, Walker waived this claim, and we find his speedy-trial contention for the first trial is procedurally barred. Regardless of the procedural bar, we address the merits of both speedy-trial claims.

> *B.    Statutory Rights to a Speedy Trial*

¶16.   Walker asserts his statutory right to a speedy trial was violated. Mississippi Code

Annotated section 99-17-1 (Rev. 2015) states: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned."

¶17.    Walker only contends the statutory violation occurred prior to his first trial. To determine a statutory violation, "[t]he first step is to calculate the total number of days between arraignment (the statute clearly states that is when the right attaches) and the actual trial." *Sharp v. State*, 786 So. 2d 372, 378 (¶5) (Miss. 2001). Walker's arraignment and first trial occurred on January 14, 2004. Conversely, Walker argues he waived arraignment on March 20, 2002. "If a defendant waives arraignment, that date is considered day one on the speedy trial calendar." *Mayo v. State*, 886 So. 2d 734, 738 (¶17) (Miss. Ct. App. 2004).

¶18.    Walker, however, failed to sign his acknowledgment of his right to arraignment on March 20, 2002, and June 19, 2002. Regardless of which date begins the clock, the time period from either March 20 or June 19, 2002, to January 14, 2004, exceeds the 270-day requirement. However, the inquiry does not end there.

¶19.    "[T]he second step in determining whether the 270-day rule has been complied with is to consider each delay separately, because only those delays attributable to the State count toward the 270 days." *Sharp*, 786 So. 2d at 378 (¶5). In a January 27, 2003 order, the circuit court addressed Walker's speedy-trial claim. Though the circuit court determined Walker's constitutional claims, the order addressed the reasons for the delay, which is relevant to the statutory discussion.

6

¶20. Walker moved for a continuance from the original trial date of June 25, 2002, to December 9, 2002. This 168-day delay counts against Walker.

¶21. The State also sought a continuance because the victim could not attend the December 2002 trial, and the state crime lab had not concluded scientific testing on crucial evidence. Walker did not oppose the continuance, and the trial was reset to June 23, 2003. The supreme court has held that "[d]elays caused by a backlog at [a] state or federal crime lab constitute good cause and will not be attributed to the State." *Jenkins v. State*, 947 So. 2d 270, 275 (¶10) (Miss. 2006). Therefore, the 197 days does not count heavily against the State.

¶22. The circuit court only considered the delay until the June 23, 2003 trial date because it ruled on the motion in January 2003. However, on May 29, 2003, Walker submitted a motion for a change of venue. While this motion was under consideration, the circuit court delayed the June 23, 2003 trial date. On July 28, 2003, the circuit court granted Walker's motion, and reset his trial to the next available trial date in Marion County on January 14, 2004, when Walker's trial occurred. This 206-day delay due to the change of venue is attributable to Walker.

¶23. The delay caused by Walker totaled 374 days. The total number of days from March 20, 2002, to January 14, 2004, is 666. Subtracting the days attributed to Walker leaves 292 days, which exceeds the 270-day rule. However, 197 of those days are not weighed against the State due to the delay at the crime lab. Therefore, Walker's first speedy-trial claim did not exceed the 270-day statutory requirement.

¶24. As for Walker's second speedy-trial claim, "[t]he statutory 270[-]day rule is satisfied once the defendant is brought to trial, even if that trial results in a mistrial. Thereafter, the time of retrial is within the discretion of the trial court ." *Handley v. State*, 574 So. 2d 671, 674 (Miss. 1990) (citing *Kinzey v. State*, 498 So. 2d 814, 816 (Miss. 1986)) (internal citations omitted). Thus, the statutory rule does not apply to Walker's speedy-trial claim for his retrial.

¶25. Instead, "[t]his Court utilizes the *Barker* factors in determining whether the discretionary length of time between trials violated the defendant's constitutional right to a speedy trial." *Id.* This Court, therefore, must analyze the claims under the constitutional framework.

### C. Constitutional Right to a Speedy Trial

¶26. Walker's assertions of constitutional violations of his right to a speedy trial implicate the United States and Mississippi Constitutions. "The Sixth Amendment to the United States Constitution provides an accused the right to a 'speedy and public trial.' And the Mississippi Constitution establishes an almost identical protection." *Johnson v. State*, 68 So. 3d 1239, 1241 (¶6) (Miss. 2011) (citing U.S. Const. amend. VI; Miss. Const. art. 3, § 26).

¶27. To conduct a proper constitutional analysis, "[t]he United State Supreme Court 'set forth four factors to consider whenever a defendant alleges that his constitutional right to a speedy trial has been violated: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) prejudice to the defendant.'" *McBride v. State*, 61 So. 3d 138, 142 (¶5) (Miss. 2011) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

¶28.   "Under this Court's standard of review, this Court will uphold a decision based on substantial, credible evidence." *DeLoach v. State*, 722 So. 2d 512, 516 (¶12) (Miss. 1998) (citation omitted). "If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse." *Id.*

### 1.    Length of Delay

¶29.   First, we must determine if the length of the delay prejudiced Walker. "A formal indictment or information or an arrest—whichever first occurs—triggers the constitutional right to a speedy trial." *McBride*, 61 So. 3d at 142 (¶8) (citing *United States v. Marion*, 404 U.S. 307, 320 (1971)). The Mississippi Supreme Court has held a delay of eight months is presumptively prejudicial. *Smith v. State*, 550 So. 2d 406, 408 (Miss. 1989) (citation omitted).

¶30.   "When the delay is presumptively prejudicial[,] that does not mean that actual prejudice to the defendant exists." *Johnson*, 68 So. 3d at 1242 (¶7). However, "[a] 'presumptively prejudicial delay' acts as a triggering mechanism for further inquiry into the *Barker* analysis, and shifts the burden to the State to show the reason for delay." *Id.*

¶31.   Under the statutory speedy-trial analysis, the right attaches at the arraignment or waiver of arraignment, but the constitutional right attaches at the arrest or indictment. Walker's indictment and capias were entered on February 19, 2002, and the trial commenced on January 14, 2004. Thus, the presumption of prejudice arises.

¶32.   Prior to the third trial, the supreme court issued a mandate denying certiorari in Walker's appeal of his second trial. The mandate was issued on October 5, 2006, and

9

Walker's third trial started on April 9, 2010. The delay lasted nearly three and a half years. The length of the delay creates a presumption of prejudice as the time exceeds the eight-month mark. This factor weighs in favor of Walker. Therefore, a full analysis of the *Barker* prongs is required.

### 2. Reason for Delay

¶33. Next, we must weigh the reasons for the delays. As previously discussed, Walker caused the majority of the delay in his first speedy-trial claim. Therefore, this factor weighs in favor of the State.

¶34. Regarding Walker's second claim, the circuit court found the State satisfied its burden under *Barker* by demonstrating good cause for the delay. After the supreme court mandate, the circuit court appointed new counsel on December 27, 2006. However, defense counsel failed to withdraw until December 17, 2008.

¶35. Further, the circuit court noted that "there was essentially no December 2008 trial term in Lawrence County" because the assigned judge continued to preside over a complex case from the preceding Lamar County term. This unrelated case lasted through a portion of the December 2008 term in Lawrence County, which prevented the circuit court from setting Walker's trial during the December 2008 term. However, this delay does not weigh heavily against the State. *See Brengettcy v. State*, 794 So. 2d 987, 993 (¶14) (Miss. 2001) (172-day delay between arrest and indictment not attributable to either party where delay due to court schedule).

¶36. The circuit court reset the case for June 17, 2009. The record does not indicate the

reason for resetting the June 17, 2009 trial date. On January 10, 2010, Walker filed motions for a continuance and discovery after retaining a third attorney since the 2006 mandate.

¶37. The delays for the court's schedule slightly favor Walker. However, Walker also contributed to the delay. "A delay attributable to the defendant tolls the constitutional speedy trial clock." *DeLoach*, 722 So. 2d at 517 (¶19). First, Walker's counsel waited two years after the mandate before withdrawing. While this does not necessarily favor the State, Walker subsequently obtained two different attorneys, which served to delay the trial further. In this instance, the State provided good cause for its delays, and Walker substantially contributed to the delays. This factor favors the State.

### 3. Assertion of Right

¶38. Walker asserted his right to a speedy trial in an omnibus motion on May 6, 2002. However, the circuit court found this factor weighed in favor of the State because Walker waived his assertion when he filed a continuance and did not object to the State's continuance. *See McGee v. State,* 928 So. 2d 250, 254 (¶18) (Miss. Ct. App. 2006) (finding defendant waived his speedy-trial assertion when he agreed to a continuance). Walker did not reassert his right after the circuit court made its ruling on the initial demand.

¶39. "Although it is the State's duty to [e]nsure that the defendant receives a speedy trial, a defendant has some responsibility to assert this right. Failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* (quoting *Taylor v. State*, 672 So. 2d 1246, 1261 (Miss. 1996)). Therefore, this factor weighs against Walker.

¶40. Before his third trial, Walker filed a motion to dismiss for lack of a speedy trial on

11

June 1, 2009. The circuit court dismissed the motion on June 16, 2009. The circuit court found this factor favored the State because Walker failed to assert a demand for a speedy trial.

¶41.    "[A] demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial." *Perry v. State*, 637 So. 2d 871, 875 (Miss. 1994). The supreme court has found that a failure to demand a speedy trial and a delay in filing a motion to dismiss weigh in favor of the State. *Bailey v. State*, 78 So. 3d 308, 323 (¶52) (Miss. 2012) (where the defendant never demanded a speedy trial and waited 931 days to file a motion to dismiss, this factor favored the State); *DeLoach*, 722 So. 2d at 518 (¶21) (finding delay of one year and seven months before defendant brought motion to dismiss slightly favored State). Therefore, we find this factor favors the State.

### 4.    Prejudice

¶42.    In Walker's motion to dismiss, Walker argued the length of his incarceration prejudiced him. The circuit court found Walker failed to demonstrate actual prejudice. "When analyzing the last *Barker* factor, this Court should consider the following three interests: (1) preventing oppressive incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired." *Bailey*, 78 So. 3d at 323 (¶53) (citing *Jenkins*, 947 So. 2d at 277 (¶21)).

¶43.    The only prejudice Walker argues is the length of his incarceration, but not anxiety or the impairment of his defense. "[A] defendant's assertion of prejudice attributable solely to incarceration, with no other harm, typically is not sufficient to warrant reversal." *Jenkins*,

947 So. 2d at 277 (¶21) (citation omitted). Without more, we cannot say Walker suffered prejudice, and find this factor favors the State.

¶44. The lengths of the delays presumptively prejudiced Walker in both trials. However, the factors of the reason for delay, the assertion of the right to a speedy trial, and the prejudice suffered all favored the State.

¶45. For these reasons, this Court finds that the substantial evidence shows the State provided good cause for the delay in Walker's trials, and the State did not violate Walker's constitutional rights. Further, the indictment for attempted forcible rape was neither defective nor prejudicial, and the circuit court did not err in sentencing Walker as a habitual offender. Thus, this Court affirms Walker's conviction.

¶46. **THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY OF CONVICTION OF COUNT I, CARJACKING, AND SENTENCE OF LIFE; AND COUNT II, KIDNAPPING, AND SENTENCE OF LIFE, ALL AS A HABITUAL OFFENDER, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**